**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC., | § | |
| *Plaintiff* | § | **CIVIL ACTION NO. 6:22-CV-311-ADA** |
| | § | **CIVIL ACTION NO. 6:22-CV-312-ADA** |
| -vs- | § | **CIVIL ACTION NO. 6:22-CV-313-ADA** |
| | § | |
| ASUSTEK COMPUTER INC., | § | |
| *Defendant* | § | |

**ORDER DENYING DEFENDANT ASUSTEK COMPUTER INC.'S MOTION TO
TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Before the Court is Defendant ASUSTeK Computer Inc.'s ("ASUSTeK") Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (the "Motion"). ECF No. 16.[1] Plaintiff SVV Technology Innovations, Inc. ("SVVTI") opposes the motion. ECF No. 29. ASUSTeK filed its Reply to support its motion. ECF No. 31. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** ASUSTeK's motion to transfer venue to the Northern District of California ("NDCA").

## I.    FACTUAL BACKGROUND

On March 24, 2022, Plaintiff SVVTI initiated three separate lawsuits against ASUSTeK in the Western District of Texas ("WDTX") in which SVVTI claims that ASUSTeK infringed a total of 13 patents by allegedly making, importing, offering to sell, selling, and/or having sold in the United States the numerous products expressly listed in the Complaints (the "Accused Products"). *See* ECF No. 1, ¶¶ 33–43, 45, 48, 49, 52, 58; *see also* Civil Case No. 6:22-cv-00312, ECF No. 1, ¶¶ 3–39, 41, 44, 47, 50; Civil Case No. 6:22-cv-00313, ECF No. 1, ¶¶ 33–40, 42, 45, 48, 51 55.

---

[1] Defendant ASUSTeK filed substantively identical motions to transfer in the three lawsuits filed against it by SVV Technology Innovations, Inc. *See SVV Technology Innovations, Inc. v. ASUSTeK Computer Inc.*, Nos. 6:22-cv-311, -312, -313-ADA. Unless stated otherwise, docket citations are to Civil Case No. 6:22-cv-311-ADA.

Dr. Sergiy Vasylyev is identified as the sole named inventor and applicant listed on each of the following asserted patents asserted in the three pending lawsuits: (1) 6:22-cv-00311: U.S. Patent Nos. 8,290,318 ("'318 Patent"), 9,880,342 ("'342 Patent"), 10,439,089 ("'089 Patent"), and 10,627,562 ('562 Patent"); (2) 6:22-cv-00312: U.S. Patent Nos. 8,740,397 ("'397 Patent"), 9,678,321 ("'321 Patent"), 10,797,191 ("'191 Patent"), and 10,838,135 ("'135 Patent"); and (3) 6:22-cv-00313: U.S. Patent Nos. 10,269,999 ("'999 Patent"), 10,439,088 ("'088 Patent"), 10,613,306 ("'306 Patent"), 10,868,205 ("'205 Patent"), and 11,276,795 ("'795 Patent") (collectively, the "Asserted Patents."). *See* ECF No. 1, at 1; Civil Case Nos. 6:22-cv-00312, ECF No. 1 at 1; Civil Case No. 6:22-cv-00313, ECF No. 1 at 1; ECF No. 16-4 ¶¶ 3-14; ECF Nos. 16-5–16-17. SVVTI generally contends that each of the Asserted Patents relates to LED-backlit LCD display panels, which SVVTI alleges is incorporated into each of the Accused Products. *See generally* ECF No. 1 ¶¶ 26–59; Civil Case No. 6:22-cv-00312, ECF No. 1 ¶¶ 26–52; Civil Case No. 6:22-cv-00313, ECF No. 1 ¶¶ 26–56.

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)

[hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.   DISCUSSION

At the outset, the Court addresses SVVTI's argument that many statements of ASUSTeK's declarants should be excluded because the declarants did not investigate the facts. ECF No. 29 at 3 (citing *Scramoge Tech. Ltd. v. Apple Inc*., 2022 U.S. Dist. LEXIS 93597, at *5 (W.D. Tex. May 25, 2022). First, SVVTI claims that Mr. Wu's declaration should be excluded because it alleges that ASUS Computer International's ("ACI") [2] legal team provided ACI's information to him based on statements made by Mr. Morquecho, ACI's corporate representative, during his deposition. *See* ECF No. 29-5 at 13:10-22. But ASUSTeK responds that Mr. Wu's declaration testimony is about ASUSTeK's business, not ACI's. ECF No. 31 at 2. Indeed, Mr. Morquecho stated that he does not know Mr. Wu and does not know what information, if any, Mr. Wu and ACI's legal team shared with one another. ECF No. 29-5 at 14:1-2. The testimony cited by SVVTI only shows that Mr. Morquecho stated that ACI provided information to ASUSTeK "about this case." *See id.* The Court is not persuaded that it should discount Mr. Wu's testimony based on this statement alone. SVVTI cites to no other evidence to explain why the Court should exclude Mr. Wu's declaration, nor did it take Mr. Wu's deposition to elicit more information from him. Accordingly, the Court declines to exclude Mr. Wu's declaration.

SVVTI also argues that this Court should be skeptical of Mr. Morquecho's declaration because he is "the go-to person" for ACI's litigation testimony. ECF No. 29 at 4; ECF No. 29-5 at 7:9-10:4. Without more, though, the Court does not agree. Yet SVVTI further criticizes his testimony, claiming that ACI did not investigate whether ACI's employees in Texas had relevant knowledge regarding this lawsuit. ECF No. 29-5 at 26:5-28:13. On this point, the Court agrees. Mr. Morquecho admits that he was aware of a number of ACI employees who work from Texas

---

[2] ACI is ASUSTek's U.S. subsidiary located in the NDCA.

and that he did not investigate whether these employees had information or knowledge relevant to this lawsuit. *See id.* ASUSTeK claims that these allegations are "baseless" but cannot deny that Mr. Morquecho himself admits he did nothing to investigate whether these employees may be relevant. ECF No. 31 at 3. It contends that he testified about the roles of the employees in Texas, but in support, cites only to Mr. Morquecho's statements that he "believes" the Texas employees are salespeople or responsible for "operations or something." ECF No. 29-5 at 31:1-32:2.

The Court will not strike Mr. Morquecho's declaration altogether, nor will it, as SVVTI requests, refuse to accord weight to any alleged ACI witnesses within California because of ACI's failure to investigate the Texas-based ACI employees. But the Court will discount Mr. Morquecho's testimony regarding the Texas witnesses and resolve any conflicting evidence about those employees, where provided, against ASUSTeK.

### A.   Venue and Jurisdiction in the Transferee Forum

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. To satisfy § 1404(a)'s preliminary question, the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022).

ASUSTeK argues that this action could have been brought in the NDCA because ASUSTeK is a foreign corporation, and thus may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). ECF No. 16 at 6. It also claims that it would be subject to personal jurisdiction in the NDCA for the same reasons SVVTI alleges that ASUSTeK is subject to personal jurisdiction in the Western District of Texas ("WDTX"). *Id.*; *see also* ECF No. 1 ¶ 11. SVVTI alleges that

"ASUSTe[K] has placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas." ECF No. 1 ¶ 6. Thus, ASUSTeK argues that these "stream of commerce" allegations also support personal jurisdiction over it in the NDCA because its subsidiary, non-party ACI, is located in and engages in continuous business the NDCA, including the importation, offer for sale, and sale of the Accused Products. ECF No. 16 at 7.

But SVVTI contends that ASUSTeK has not established that NDCA would have jurisdiction over it, because SVVTI's pleading has not alleged the conduct required to subject ASUSTeK to personal jurisdiction in NDCA. ECF No. 29 at 6. Further, SVVTI argues that the "stream of commerce" theory cannot support jurisdiction in the NDCA, because "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its [specific personal] jurisdiction over him." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Absent some abuse of corporate form, SVVTI argues, parent and subsidiary corporation are separate and distinct entities for purposes of personal jurisdiction. *Id.*

The Court agrees with SVTTI that ASUSTeK has not established that the NDCA would have jurisdiction over it. As a foreign defendant, venue is proper in the NDCA under 28 U.S.C. § 1391(c)(3). But the Court rejects the argument that because ASUSTeK's subsidiary is in and engages in continuous business in the NDCA, that the NDCA also has jurisdiction over ASUSTeK. *See TMT Systems, Inc. v. Medtronic, Inc.*, No. 6-20-cv-973-ADA, 2021 WL 5316406 (W.D. Tex. Oct. 12, 2021). ASUSTeK's conduct must form the basis for the NDCA's personal jurisdiction over it, and ASUSTeK fails to point to any evidence showing that this requirement is met. As far as the Court can tell, it does not argue alter-ego or agency to establish imputation of ACI's contacts

to ASUSTeK; indeed, it has not provided any facts or arguments as to why this Court should consider ignoring corporate formalities. Nor does it make any other argument regarding any contacts it may have apart from ACI in the transferee forum such to establish personal jurisdiction there.

The Court similarly finds that ASUSTeK has not established that the NDCA would have jurisdiction over it under a stream-of-commerce theory. ASUSTeK's argument that SVVTI's allegations in its Complaint should apply to the NDCA is not sufficient to carry its statutory burden. SVVTI specifically alleges in its Complaint that ASUSTeK has placed or contributed to placing infringing products into the stream of commerce knowing or understanding that such products would be sold and used in the United States, *including in the Western District of Texas*. *See* ECF No. 1 ¶ 6 (emphasis added). It goes on to allege that "Defendant, directly or through affiliates, subsidiaries, agents, or intermediaries, places infringing products into the stream of commerce knowing they will be sold and used *in Texas*." *Id.* ¶ 14 (emphasis added). SVVTI does not make such similar allegations about the NDCA. *See id.*

Further, SVVTI elicited testimony from ACI's corporate representative that another entity, ASGL, and not ASUSTeK, sells the Accused Products to ACI in the United States. ECF No. 29-5 at 21:25-23:21. ASUSTeK does not contest otherwise. ASUSTeK does not allege any other facts that would allow the Court to determine whether it placed its products into the stream of commerce knowing or understanding that such products would reach California. Without more, this is not sufficient to bring ASUSTeK within the ambit of California's jurisdiction under the stream-of-commerce theory.[3]

---

[3]ASUSTeK did not contest jurisdiction was proper in this District, thus waiving any argument it may have as to personal jurisdiction here, because it failed to move to dismiss for lack of personal jurisdiction in response to the Complaint. *See* Fed. R. Civ. P. 12(h)(1); ECF No. 9 ¶¶ 5, 7.

Alternatively, ASUSTeK argues that the NDCA has jurisdiction over it under Fed. R. Civ. P. 4(k)(2). But it provides no evidence to establish that the requirements of Rule 4(k)(2) have been met. It shows no evidence of service or of the filing of a waiver. The Court thus finds this argument deficient.[4]

In view of the above, the Court finds that the § 1404(a) threshold requirement has not been met because ASUSTeK has not carried its burden to show that the NDCA would have jurisdiction over it. Thus, the Court **DENIES** the Motion on this basis alone. Alternatively, the Court also **DENIES** the Motion based on the private and public interest factors, as discussed below.

### B.  The Private Interest Factors

### i.    *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work

---

[4]ASUSTeK also notes that this Court recently found venue and personal jurisdiction proper in the Central District of California. *See Atlas Global Technologies, LLC v. ASUSTeK Computer Inc.*, Case No. 6-21-CV-00820-ADA, ECF No. 67 at 4 (W.D. Tex. Oct. 31, 2022). But the issue of personal jurisdiction was not contested in that case. The Court, based on the record before it, is satisfied that ASUSTeK has not met its burden to prove that this case could have properly been filed in the NDCA.

for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

ASUSTeK asserts that as a Taiwanese corporation with its principal place of business in Taipei, Taiwan, it has no employees in the United States, let alone Texas. ECF No. 16 at 3. It thus argues that this factor heavily favors transfer to the NDCA because all likely willing witnesses would need to travel from Taiwan for trial in either venue, and the NDCA is much closer and convenient than traveling to this Court. *Id.* at 8; ECF No. 16-2 ¶ 7; ECF No. 16-4 ¶¶ 34-35. In support, it cites to images from Google Maps showing the distance from ASUSTeK in Taipei, Taiwan to this Court is 7,761 miles and approximately 20 hours by plane, whereas the distance from ASUSTeK in Taipei, Taiwan to the San Francisco Division of the NDCA is 6,432 miles and approximately 12 hours by plane. ECF Nos. 35, 36. ASUSTeK also contends that trial in the NDCA would be more convenient for SVVTI's sole officer and inventor on each of the Asserted Patents, because he resides in Elk Grove, California, near the NDCA. ECF No. 16 at 9. Because all other witnesses, including any other California-based witnesses, will be unable to fly directly to Waco, ASUSTek further argues that trial in the NDCA would be more convenient. *Id.*

On the other hand, SVVTI counters that this factor should be neutral because ASUSTek has no relevant employees in the U.S. ECF No. 29 at 7 (citing *Kajeet, Inc. v. Trend Micro, Inc.*, 2022 U.S. Dist. LEXIS 6603, at *14 (W.D. Tex. Jan. 12, 2022) (finding Taiwan witnesses

neutral)).[5] It also argues that its principal and the inventor of the patents-in-suit, Dr. Vasylyev, is a willing witness who avers that he would prefer to avoid the inconvenience of dealing with San Francisco, San Jose, or Oakland, California, and instead would prefer to attend trial in Waco. ECF No. 29 at 8–9. Lastly, it asserts that the cost of holding a trial in the NDCA is far more expensive for every traveling witness than Waco. In support, it cites to a Bloomberg article reporting that San Francisco is "the world's most expensive place for visitors to spend the night" and to screenshots from Hotels.com showing three to five-star rated hotels in Waco that cost $57 to $397 per night, compared to hotels in San Francisco that cost about $80 to $2,400 per night. *See* ECF Nos. 29-27; 29-28.

In its Reply, ASUSTeK concedes that at the very least, this factor is neutral, ECF No. 31 at 4, and the Court agrees. ASUSTeK acknowledges that all its willing witnesses will be traveling from Taiwan. Although the distance between Taiwan and the NDCA is slightly shorter than the distance between Taiwan and Waco, "the difference in distance is not as important as the difference in travel time and the fact that the witnesses would be required to be away from home for several days in any event." *See In re Google*, 2021 WL 4427899, at *4. The Taiwan-based witnesses will be required to travel a significant distance and be away from their homes for an extended period regardless of venue. *See In re Apple*, 979 F.3d at 1342; *see also AudioEye, Inc. v. accessiBe Ltd.*, No. 6:20-CV-997-ADA, 2022 WL 827805, at *6 (W.D. Tex. Mar. 9, 2022) ("The Court accords the convenience of [] Israeli-based witnesses little weight; they will travel a significant distance

---

[5] SVVTI further asserts that ASUSTeK has not established that ACI employees are not willing witnesses. *Id.* But the Court will evaluate ACI witnesses under the compulsory process factor. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) ("when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor").

irrespective of transfer."). The Court thus declines to accord these witnesses much weight in its analysis.

Additionally, Dr. Vasylev resides in Sacramento, in the Eastern District of California. ECF No. 29-1 ¶10. SVVTI contends that because he might be required to travel over 100 miles to the NDCA, depending on the courthouse, travelling to either district will be inconvenient for him. ECF No. 29 at 8. The Court acknowledges that Dr. Vasylyev may have to travel over 100 miles to either District, but only just so. ECF Nos. 35-4; 35-7 (showing the distance from Dr. Vasylyev's home and work to the San Francisco courthouse ranges from 110 to 116 miles). Because of this, the Court will not accord much weight to SVVTI's argument that Dr. Vasylyev's preference for traveling to this District over the NDCA. On the other hand, the Court will take into account the evidence SVVTI provides to show that the cost of attendance in Waco, on average, would be less expensive than in San Francisco. *See* ECF No. 35 at 7. Regardless, the Court is not inclined to find the convenience of this witness sufficient to tip the balance one way or the other. Dr. Vasyley has indicated he would be willing to travel to trial in Waco. Apart from him, neither party identifies any other willing witness in the NDCA.

*Conclusion.* Accordingly, the Court is thus satisfied that this factor is neutral.

### ii.     *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

However, the Fifth Circuit finds that "the location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.,* No. 22-11009, 2022 WL 16549164, at *3 (5th Cir. Oct. 31, 2022).

ASUSTeK argues this factor weighs strongly in favor of transfer because ACI imports, offers for sale, and sells the Accused Products in the U.S., and it is in the NDCA. ECF No. 16 at 12. Because ACI stores its corporate records in the NDCA, ASUSTeK claims that any relevant documents relating to the importation, offer for sale, and sale of the Accused Products in the United States in ACI's possession would be in the transferee venue. *Id*.; ECF No. 3 ¶ 6. Further, ASUSTeK asserts that Dr. Vasylyev likely has documents and evidence regarding the development of his alleged inventions, and that SVVTI likely maintains and stores its relevant corporate records at its principal place of business in Sacramento. *Id.* at 12–13. Because ASUSTeK claims it is not aware of any relevant documents in the WDTX, it contends that this also supports transfer. *Id.*

But SVVTI responds that ASUSTeK does not explain why the parties would not rely on ASUSTeK's importation, sales, or export records, as opposed to ACI's. ECF No. 29 at 11. It also argues that ASUSTeK does not allege the location of ACI's servers, the categories of information stored on its servers, or whether there are geographic limitations on access to ACI's servers; nor does it identify any hard copies of ACI documents that may be relevant. *Id.* Because SVVTI asserts that ACI confirmed that most ACI employees do not access documents stored on ACI's servers, and even if they did, can access those servers from anywhere, SVVTI further argues this factor should be neutral. *Id.*

Further, SVVTI asserts that ACI does not have a meaningful connection to this case because ACI employees are not familiar with the design of the Accused Products, nor do they have any knowledge of ASUSTeK's financials. ECF No. 29 at 2. Mr. Morquecho conceded that the

Accused Products were not designed, developed, or manufactured in California. ECF No. 29-5 at 17:8-25. And despite that ASUSTeK alleges that "ACI is the entity which actually imports the Accused Products into the United States," ECF No. 16-2 ¶ 5, Mr. Morquecho admitted that ASUSTeK does not sell the Accused Products to ACI. *Id.* at 21:25-23:21. Instead, ACI purchases the Accused Products from ASGL, another entity. *Id.* Thus, SVVTI argues that ACI does not have visibility into the sales price of Accused Products sold by ASUSTeK to ASGL, and accordingly, does not have visibility into ASUSTeK's financials. ECF No. 29 at 2.

ASUSTeK, in its Reply, responds that this argument ignores that ACI imports and sells those products throughout the U.S., and the importation evidence and evidence regarding ACI's sales of the product are crucial elements for any infringement claim. ECF No. 31 at 5 n.1. It does not, however, make any argument as to ACI's involvement or knowledge of the design, development, or manufacture of the Accused Products. Instead, it reasserts only that there is no dispute that neither ASUSTeK nor ACI maintains any records in Texas, and that ACI maintains its records in Northern California. *See id.*

The Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. I*n re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. I*n re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this

analysis than the location of where electronic documents are typically accessed. However, the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

On balance, the Court finds this neutral. ASUSTeK's only argument as to why this factor should favor transfer is based on ACI's presence in the NDCA, and thus its access to sources of proof there. Considering that ASUSTeK does not contend that any design or development takes place in the NDCA, nor does it allege the location of ACI's servers, the categories of information stored on its servers, or whether there is any physical documentation located in the NDCA, the Court accords this argument little weight. To be sure, ASUSTeK acknowledges that its documentary evidence is in Taiwan and is thus neutral for purposes of this factor. ECF No. 16 at 13.

Although ASUSTeK also alleges that Dr. Vasylyev "likely" has documents and evidence regarding the development of his alleged inventions, and that SVVTI "likely" maintains and stores its relevant corporate records at its principal place of business in Sacramento, it cites only to its own corporate representative's declaration and evidence showing that both Dr. Vasylyev and SVVTI's principal addresses are in California. *See* ECF No. 16-4; ECF No. 16-18. SVVTI responds that its documents are stored on cloud-based servers, accessible from anywhere, the location of which is not presently known. ECF No. 29 at 12. Acer does not argue otherwise; nor does it show any relevant physical evidence is stored at SVVTI's principal place of business. Regardless, Sacramento is not in the NDCA.

*Conclusion.* Accordingly, this factor is neutral.

### iii.     *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1.

Because it alleges that most of the witnesses relevant to this litigation located within the U.S. are in the NDCA or within its subpoena power, ASUSTeK argues this factor weighs strongly in favor of transfer. ECF No. 16 at 10. It asserts that at least six witnesses associated with ACI "most knowledgeable" about ACI's business in connection with the Accused Products, including the importation, offer for sale, and/or sale of the Accused Products in the U.S. are in the NDCA, and include the following people: (1) Kevin Kuo, ACI's Controller; (2) Tony Han, ACI's Director of Logistics; (3) Donald Leung, ACI's Director of Sales; (4) Diwaker Sambyal, ACI's Senior Director of Business Planning; (5) Gabriel Meng, ACI's Manager of Product Management; and (6) Jaime Morquecho, ACI's Senior Manager of Services. ECF No. 16-3 ¶ 7.

Moreover, ASUSTeK asserts that several prior art witnesses are in California, including the nine inventors listed on the Gruhlke prior art reference, who reside in the NDCA. ECF No. 16-

4 ¶¶ 31-33. Likewise, ASUSTeK alleges that the assignee of the Ford prior art reference, The Regents of the University of California, is in the NDCA, and that all four named inventors are all listed as residing within California. *Id*. ¶ 33. It claims that these prior art witness will likely have relevant knowledge about the specific prior art references, the state of prior art relevant to the Asserted Patents, the timeline of when certain technology was developed relating to the prior art references and the Asserted Patents, and the identity of products which may incorporate the technology disclosed in the prior art references and the Asserted Patents. ECF No. 16 at 11.

In its Response, though, SVVTI argues that the ACI witnesses should be counted as willing witnesses because Mr. Morquecho stated in his deposition that if this case went to trial in Texas, he would attend. ECF No. 29-5 at 21:3-14. But the Federal Circuit has made clear that if there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor. *In re HP Inc*., 2018 WL 4692486, at *3 n.1. Without more, the Court will not presume that non-party ACI witnesses are willing based solely on Mr. Morquecho's concession that he would attend trial in Texas if ACI instructs its employees to do so. SVVTI further argues that ASUSTeK has not established that ACI's employees would be required to testify at trial. ECF No. 29 at 10. ASUSTeK, though, reasserts that this argument ignores that ACI imports and sells the Accused Products throughout the U.S., and the importation evidence and evidence regarding ACI's sales of the product are crucial elements for any infringement claim. ECF No. 31 at 5 n.1. The Court will accord the ACI witnesses some weight.

The Court also notes that SVVTI identified multiple Texas-based ACI employees and sought to elicit more information regarding these employees during Mr. Morquecho's deposition. ECF No. 29-5 at 26:5-28:13. Mr. Morquecho conceded that he failed to investigate whether these employees may be relevant. Indeed, even after SVVTI discussed these employees in its Response,

ASUSTeK does not directly contest their relevancy in its Reply. *See* ECF No. 31 at 3. Instead, it argues only that Mr. Morquecho's declaration should not be excluded because he was "sufficiently well informed of ACI's operations to provide answers to the questions posed by Plaintiff's counsel." *Id.* But Mr. Morquecho was not sufficiently well informed, and his failure to investigate the Texas-based witnesses undercuts and raises credibility concerns regarding ASUSTeK's arguments as to those witnesses. It also fails to provide a sufficient basis for the Court to know whether relevant witnesses, documents, and information exist in this District. Given Mr. Morquecho's seemingly deliberate failure to investigate the witnesses in this District, the Court is not persuaded by ASUSTeK's assertion that the Texas-based witnesses should not be considered relevant. It will, accordingly, accord some weight to these witnesses.

As to the prior art witnesses, SVVTI argues that ASUSTeK attempts to establish the present location of these witnesses by citing to their locations at the time of the prior art filings. ECF No. 29 at 10. SVVTI asserts, however, that at least one of ASUSTeK's prior art references identifies four inventors who currently reside in this district, and it cites to the LinkedIn pages of two others that indicate they live outside of both districts. *Id.*; ECF No. 29-2 ¶¶ 2-8; 9-10. ASUSTeK does not respond to these challenges. Given the conflicting evidence regarding the present locations of the prior artist witnesses, and in observing the Court's usual practice of discounting prior artists because they rarely appear at trial, the Court accords these potential witnesses no weight.

*Conclusion.* Taking into consideration that there are potentially relevant non-party witnesses in this District and in the NDCA, this factor is neutral.

### iv. *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at

314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

ASUSTeK argues this factor favors transfer because the majority of witnesses and evidence in the U.S. are in California, and thus a trial would be more efficient in the NDCA than in this District. ECF No. 16 at 12. But the Court need consider other practical problems under this factor, as it has already weighed the convenience of witnesses and access to sources of proof in its analysis. ASUSTeK also urges this Court not to consider the other pending SVVTI cases involving the same patents,[6] because those cases were not pending at the time SVVTI filed the instant suit. *Id.* This Court, however, has consistently considered parallel actions involving the same patents in its analysis under this factor. *See Motion Offense, LLC v. Google LLC*, No. 6:21-cv-00514-ADA, ECF No. 79, (W.D. Tex. Oct. 4, 2022) (citing *Lynk Labs, Inc. v. Home Depot USA, Inc*., No. 6:21-CV-00097-ADA, 2022 WL 1593366, at *6 (W.D. Tex. May 19, 2022); *see also Atlas Global Technologies, LLC v. ASUSTeK Computer Inc*., No. 6-21-CV-00820-ADA, ECF No. 67 (W.D. Tex. Oct. 31, 2022). Even still, the other SVVTI cases also have pending motions to transfer, so the Court will not rule that the cases weigh against transfer. *See In re Google*, 2021 WL 5292267,

---

[6] *SVV Technology Innovations Inc. v. Micro-Star International Co., Ltd.*, No. 6:22-cv-511, - 512, - 513; *SVV Technology Innovations, Inc. v. Acer Inc.*, No. 6:22-cv-639, - 640, - 641.

at *3. ("co-pending suits are not to be over-weighed if they are also subject to motions to transfer.").

SVVTI contends also that this Court presided over SVVTI's enforcement of the same patents against Samsung;[7] thus, the Court is familiar with the patents, claims, and technology at issue in the present litigation. ECF No. 29 at 13. Given that the suit against Samsung was dismissed before the Court held a *Markman* hearing, though, the Court will not accord much weight to this argument. Further, while fact discovery has already opened, this case has not yet proceeded to a *Markman*, and "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

*Conclusion.* Accordingly, the Court finds that this factor is neutral.

### C.  The Public Interest Factors

### i.   *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

The Court is not persuaded that this factor favors transfer because this Court has more patent cases than the NDCA. The Federal Circuit has previously held that there are "no significant differences in caseload or time-to-trial statistics" between the WDTX and the NDCA. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). But recent statistics show that this Court has

---

[7] *SVV Technology Innovations Inc. v. Samsung Electronics Co., Ltd., et al.*, No. 6:20-cv-139-ADA.

been able to bring cases to trial within two years.[8] ASUSTeK concedes that time from filing to

trial was slightly faster in the WDTX. ECF No. 16 at 15. The Federal Circuit has even

acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon*

*Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). But the Federal Circuit

has consistently told this Court to diminish the weight given to this factor and has concluded that

the speed of the transferee district should not alone outweigh all other factors. *See In re Google*

*LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)(determining that "it was a clear abuse of discretion [for

this Court] to accord this factor any weight" where "[i]t appears undisputed that [the patentee] is

not engaged in product competition in the marketplace and is not threatened in the market in a way

that, in other patent cases, might add urgency to case resolution and give some significance to the

time-to-trial difference.").

---

[8] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*., No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Information Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

*Conclusion.* Thus, the Court finds that this factor is neutral.

> ### ii.    *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit.*'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Because of ACI's connections to the NDCA, ASUSTeK argues that this factor weighs strongly in favor of transfer there. ECF No. 16 at 14. It also asserts that the presence of SVVTI and Dr. Vasylyev within 100 miles of the NDCA should also favor transfer. *Id.* SVVTI counters that because the Accused Products are sold nationwide and were not manufactured or designed there, that this factor should be neutral. ECF No. 29 at 14 (citing *In re Hoffmann-La Roche Inc.*,

587 F.3d 1333, 1338 (Fed. Cir. 2009)). Citing this Court's analysis in *Motion Offense, LLC v. Google LLC*, SVVTI also contends that its presence near the NDCA is not sufficient. *Id.* (citing No. 6:21-cv-00514-ADA, ECF No. 79, p. 27 (W.D. Tex. Oct. 4, 2022)).

The Court agrees that SVVTI's and Dr. Vasylyev's presence in Northern California, but still outside of the transferee district, does not necessarily give the NDCA a local interest in deciding this matter there. *See In re Apple*, 2022 WL 1676400, at *2; *In re Google*, 2021 WL 4592280, at *6. But ASUSTeK has established that ACI is responsible for the importation and sale of the Accused Products within the United States.; thus, the Court is not ready to altogether disregard the connection between ACI's presence in the NDCA and the events that gave rise to the suit. Yet because ACI is a non-party and indisputably not responsible for any design, development, or manufacturing, the Court accords only some weight to its presence there. *See In re Apple*, 979 F.3d at 1345. Neither party argues that this District has any local interest in the suit.

*Conclusion.* Accodingly, the Court finds this factor weighs only slightly in favor of transfer.

### iii.    *Familiarity of the Forum with the Law That will Govern the Case*

ASUSTeK argues that this factor should be neutral, and SVVTI agrees. ECF No. 16 at 14; ECF No. 29 at 14. The Court finds that this factor is neutral—both forums are familiar with the law that will govern the case.

### iv.    *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

ASUSTeK argues that this factor is neutral, and SVVTI again agrees. ECF No. 16 at 14; ECF No. 29 at 14. The Court finds that this factor is neutral.

## IV.    CONCLUSION

Having considered the private and public interest factors, the Court's conclusions for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Cost of attendance for willing witnesses | Neutral |
| Relative ease of access to sources of proof | Neutral |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Slightly in favor of transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

One factor slightly favors transfer, whereas the other seven are neutral. Given the foregoing, ASUSTeK fails to meet its burden to show that the NDCA is a clearly more convenient forum.

**IT IS ORDERED** that Defendant ASUSTeK Computer Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a). ECF No. 16, is **DENIED.**

**SIGNED** this 3rd day of April, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE