**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTeK COMPUTER INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00311<br>Civil Action No. 6:22-cv-00312<br>Civil Action No. 6:22-cv-00313<br><br>JURY DEMANDED |

**DEFENDANT ASUSTeK COMPUTER INC.'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE THE NEW PREVIOUSLY-UNDISCLOSED INVALIDITY
THEORIES IN THE EXPERT REPORT OF DR. COLEMAN AND FOR
<u>PARTIAL SUMMARY JUDGMENT</u>**

Defendant ASUSTeK Computer Inc. ("ASUSTeK") respectfully responds to Plaintiff's Motion to Strike the New Previously-Undisclosed Invalidity Theories in the Expert Report of Dr. Coleman and for Partial Summary Judgment ("Motion"; Dkt. 73 in Case No. 6:22-cv-00311).[1]

## I.   INTRODUCTION

Plaintiff SVV Technology Innovations Inc. ("SVV" or "Plaintiff") moves to strike certain opinions of ASUSTeK's invalidity expert, Dr. Zane Coleman, on the ground that in the invalidity expert report he served on September 12, 2023, Dr. Coleman allegedly analyzed prior art references and combinations that ASUSTeK had not disclosed in its Final Invalidity Contentions ("FICs"). Plaintiff also moves for partial summary judgment of no invalidity as to claims in which invalidity is based on stricken references or combinations.

Plaintiff's Motion should be denied. The prior art references and combinations relied on by Dr. Coleman were disclosed in the FICs, amended final invalidity charts, and/or preliminary invalidity charts served by ASUSTeK, and all cited prior art references were disclosed and produced to Plaintiff during fact discovery. Perhaps more importantly, Plaintiff has suffered *no prejudice* as a result of any references or combinations that were allegedly previously-undisclosed. In his rebuttal report on validity, Plaintiff's own expert addressed *every prior art reference and combination* in Dr. Coleman's report and never once noted or complained that a reference or combination had not been previously disclosed. Finally, Plaintiff is not entitled to partial summary judgment.

## II.   LEGAL STANDARD

Plaintiff identifies the proper four-factor test for determining whether to exclude evidence under Rule 37(c)(1): (1) the party's explanation for its failure to disclose evidence; (2) the

---

[1] Plaintiff has filed the identical Motion in Case No. 6:22-cv-00311 (the "311 Case"); Case No. 6:22-cv-00312 (the "312 Case") and Case No. 6:22-cv-00313 (the "313 Case").

1

prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting *Geiserman v. MacDonald*, 893 F.2d. 787, 791 (5th Cir. 1990)).

A consideration of the relevant factors makes it clear that Plaintiff's Motion should be denied.

### III.  ARGUMENT

#### A. PLAINTIFF'S MOTION TO STRIKE ANY REFERENCES OR COMBINATIONS RELIED ON BY DR. COLEMAN SHOULD BE DENIED

##### 1. The References and Combinations Identified By Plaintiff Were Disclosed and Produced During Fact Discovery

Plaintiff's identification of purported non-disclosed references and combinations is greatly over stated. To begin with, Plaintiff incorrectly limits its analysis of what was disclosed to only ASUSTeK's Final Invalidity Contentions ("FICs"), which were served on June 16, 2023. Plaintiff, however, does not acknowledge ASUSTeK's Preliminary Infringement Contentions ("PICs"), which were served on September 30, 2022 and which are explicitly *incorporated by reference in full* in the FICs. (Shaw Decl.,[2] Ex. 1 (Defendants' Final Invalidity Contentions) at 6; Ex. 2 (Defendant's Preliminary Infringement Contentions). And, within days of serving its FICs, ASUSTeK (and other defendants in related cases) discovered that the FICs inadvertently omitted a few claims (out of hundreds of claims), and asked Plaintiff to consent to the amendment of the FICs, and provided Plaintiff with Amended Final Invalidity Contentions Exhibits (Charts) on June 19 and 20, 2023, a mere three and four calendar days (including a weekend) after the FICs were served. (Shaw Decl., Ex. 3 (Defendants' Amended Final

---

[2] "Shaw Decl." refers to the accompanying Declaration of Jack Shaw.

Invalidity Contentions Exhibits (Charts)).)  Plaintiff ultimately declined to consent to the Amended Final Invalidity Contentions Exhibits (Charts) even though it had initially consented as to some of the Charts.  (Shaw Decl., Ex. 4, June 2023 email chain.)  Therefore, on June 23, 2023, ASUSTeK filed a Motion for Leave to Amend the FICs by adding the Amended Exhibits (Charts) it had already provided to Plaintiff.  (*See, e.g.,* 311 Case, Dkt. 53.)  The Court has not ruled on ASUSTeK's motion for leave to serve the Amended FIC Exhibits (Charts), but Plaintiff has nevertheless had those Amended Final Invalidity Contentions Exhibits (Charts) since June 2023.

If the references and combinations disclosed in ASUSTeK's PICs and Amended Final Invalidity Contentions Exhibits (Charts) are taken into account, as they must be, along with the other references produced during fact discovery, Plaintiff had sufficient notice of all of the allegedly "missing" references and combinations.  With its Motion, Plaintiff included a chart (Motion, Exhibit A; Dkt. 73-1 in 311 Case) purporting to identify all of the specific references and combinations discussed in Dr. Coleman's report that do not allegedly appear in the FICs.  To illustrate the extent to which Plaintiff has misstated or overstated the issue, ASUSTeK has added a fifth column ("Defendant's Counter Arguments") to the chart which shows where the "missing" references and combinations can be found.  (Exhibit A attached to this Response.)

### 2. Plaintiff Will Not Suffer Prejudice if Dr. Coleman Is Allowed to Testify Regarding the References and Combinations In His Report

In an attempt to satisfy this prong of the test, Plaintiff argues that it would be prejudiced in that fact discovery is closed, it developed its trial strategy in reliance on ASUSTeK's FICs, and it narrowed its claims in reliance on ASUSTeK's FICs.  These claims of prejudice ring hollow because they completely ignore the fact that Plaintiff has already *addressed every one* of the allegedly "new" combinations and references.  Specifically, in his report in rebuttal to Dr.

3

Coleman's expert report, Plaintiff's expert, Thomas Credelle, responds to every piece of prior art and every combination addressed by Dr. Coleman. (*See* Shaw Decl., Ex. 5, Credelle Rebuttal Report.) Mr. Credelle does not complain that any combinations or references discussed in Dr. Coleman's expert report were not addressed in ASUSTeK's FICs. *See Clinicomp International, Inc. v. Athenahealth, Inc.*, 2021 WL 7541408, No. A-18-CV-00425-LY, at * 2 (W.D. Tex. April 29, 2021) (motion to strike denied where late-produced evidence was harmless); *Electromedical Products International, Inc. v. Pharmaceutical Innovations, Inc.*, 2020 WL 11039196, 4:20-cv-00403-O, at *3-4 (N.D. Tex. Dec. 18, 2020). In *Medline Industries, Inc. v. CR Bard, Inc.*, 511 F.Supp.3d 883, 890 (N.D. Ill. 2021), the court granted a motion to strike an expert report, but did so only after noting, "[t]o the extent either opening expert report disclosed a particular infringement or invalidity theory for the first time, the Court questions whether the parties' experts could have used this time to adequately respond to the new theory in their rebuttal expert reports, *thereby dispelling any prejudice that may have accompanied the new disclosure*." (Emphasis added.) That is precisely the situation here. Mr. Credelle *did* respond to Dr. Coleman's expert report's alleged "new theories," if any, thereby dispelling any potential prejudice to Plaintiff.

ASUSTeK does not seek to trivialize Plaintiff's claims of prejudice – if Plaintiff truly had to pivot at the last minute to adjust its trial strategy, that could be a serious problem. But, that is not the situation here. Trial is months away, and Plaintiff has had knowledge of Dr. Coleman's opinions since Dr. Coleman's report was served on September 12, 2023. If it needs to tweak its trial presentation (which is questionable), it has ample time to do so – and, in fact, has already started that process, as evidenced by Mr. Credelle's fully responding to *all* of the combinations and references identified in Dr. Coleman's expert report, whether or not each combination or

4

reference was explicitly disclosed for each claim in the FICs. *See Landmark American Insurance Company v. Royal by the Sea Condominium Owners Association*, 2021 WL 5085180, 2:19-CV-00006, *3 (S.D. Texas 2021) (motion to strike denied in part because inconveniences of the type identified by Plaintiff "can be cured by a continuance, if necessary").

Plaintiff's assertions of prejudice are, at best, overstated. Plaintiff has not suffered and will not suffer any material harm if Dr. Coleman's opinions are not stricken.

### 3.  Any Potential Prejudice Has Been or Can Be Cured

Even if Plaintiff has shown it will face serious harm if Dr. Coleman is allowed to testify as to all of his opinions – and it has not – such prejudice has already been cured or can be cured. As explained in the previous section, Plaintiff's expert has fully addressed each of Dr. Coleman's combinations and references, so Plaintiff has already cured any claimed harm.

Moreover, trial is months away. Accordingly, if Plaintiff wishes to take additional discovery to address the alleged "new" prior art combinations or references, it can do so. If Plaintiff feels the need to revise its trial strategy, it has time to do so. If Plaintiff wants to revisit its prior narrowing of claims, ASUSTeK is amenable to Plaintiff doing so.

### 4.  The Evidence Plaintiff Seeks to Exclude Is Important

It cannot be seriously disputed that Plaintiff's Motion seeks to exclude important evidence. Plaintiff's only argument regarding this factor is that the combinations it wants to keep out are "not vital to [ASUSTeK's] case as it has other invalidity arguments on which it can rely." The fact that Dr. Coleman may be able to rely on other invalidity arguments does not diminish the importance of the invalidity arguments that Plaintiff seeks to strike. Plaintiff has "narrowed" its claims to 29 per each of the three cases here – a number which may change again if Plaintiff elects to redo its claim narrowing. Because of the inordinate number of claims asserted by Plaintiff, ASUSTeK should have available to it all combinations and references to

5

counter the validity of those claims. *See Electromedical Products International,* 2020 WL 11039196, at *3-4 ("Because the evidence is important and its exclusion would significantly prejudice EPI, and because a less severe remedy will largely cure any prejudice that Defendant is likely to suffer from EPI's noncompliance, the Court declines to exclude the testimony[.]")

In sum, all of the factors to be considered favor not striking any of Dr. Coleman's opinions in his invalidity expert report. Plaintiff's Motion should be denied.

### B.     PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT

Plaintiff contends that, should the Court strike the prior art references or combinations as Plaintiff has requested, then summary judgment of no invalidity should be granted as to "those claims for which Dr. Coleman did not render any invalidity opinion that was supported by Defendant's FICs." Plaintiff's request for partial summary judgment should be denied for two reasons.

*First*, as established throughout this Response, Plaintiff's request to strike prior art references and combinations should be denied. Therefore, there is no basis for summary judgment.

*Second*, even if any references or combinations are stricken, Plaintiff has made no showing that it is entitled to summary judgment of no invalidity as to any claim. Plaintiff has the burden of showing it is entitled to summary judgment and has failed to carry that burden. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986) (on summary judgment the moving party bears the burden of demonstrating the absence of any material issues of fact). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (even where the facts are undisputed, if reasonable minds could differ on the inferences drawn from those facts, summary judgment is not appropriate).

## IV.     CONCLUSION

Plaintiff had prior notice of the references and combinations discussed in Dr. Coleman's report through ASUSTeK's PICs, FICs, and exhibits (charts) in ASUSTeK's Amended Final Invalidity Contentions Exhibits as well as materials produced during discovery.  In any event, even if a small number of references and combinations in Dr. Coleman's report had not previously been disclosed, Plaintiff suffered *no prejudice* because its expert responded to each and every reference and combination addressed by Dr. Coleman.  Plaintiff's Motion to Strike Dr. Coleman's report should be denied.

Plaintiff's Motion for Partial Summary Judgment should likewise be denied.[3]

---

[3] ASUSTeK has moved for summary judgment as to all of Plaintiff's claims on the ground that ASUSTeK cannot be liable for direct or indirect infringement because it does not make, use, sell or import any infringing products in the U.S. or knowingly induce the sale of products in the U.S.  (*See, e.g.,* 311 Case, Dkt. 72.)  Plaintiff's Motion for Partial Summary Judgment should be denied for the additional reason that ASUSTeK has demonstrated that it does not infringe any asserted patents.

DATED: November 21, 2023             Respectfully submitted

By: */s/ Jack Shaw*
Jack Shaw
California Bar No. 309382
Robert H. Sloss *(Admitted Pro Hac Vice)*
California Bar No. 87757
**PROCOPIO CORY HARGREAVES & SAVITCH LLP**
3000 El Camino Real, Suite 5-400, Palo Alto, CA 94306
Telephone: (650) 645-9000
Facsimile: (650) 687-8300
Email: robert.sloss@procopio.com
Email: jack.shaw@procopio.com

Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, TX 76701
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

**Attorneys for Defendant ASUSTeK COMPUTER INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 21, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

                                          */s/ Jack Shaw*
                                        Jack Shaw