**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § § § | |
| *Plaintiff*, | § § § | Civil Action No.  6:22-cv-00311-ADA |
| | § | Civil Action No.  6:22-cv-00312-ADA |
| v. | § § | Civil Action No.  6:22-cv-00313-ADA |
| **ASUSTEK COMPUTER INC.** | § § | **JURY DEMANDED** |
| *Defendant*. | § § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE NEW PREVIOUSLY-UNDISCLOSED INVALIDITY THEORIES IN THE EXPERT REPORT OF DR. COLEMAN AND FOR PARTIAL SUMMARY JUDGMENT**

SVVTI's Motion contained a 45-page table filed as Exhibit A that compared the combinations cited by ASUSTeK's invalidity expert, Dr. Coleman, and those combinations cited in its invalidity contentions, along with a column identifying the deficiencies. ASUSTeK attached to its Opposition its own Exhibit A, which is SVVTI's table with an additional column showing ASUSTeK's response. The column entitled "[NOTES]" in the table contains SVVTI's deficiency allegations. In its Opposition, ASUSTeK suggests that all of Dr. Coleman's combination were disclosed. As explained below, that is simply not true.

## I. ARGUMENT

### A. ASUSTeK's Argument That Its "Catch-All" Statement "Disclosing" The Combination of Every Prior Art Reference With Every Other Prior Art Reference Should Be Rejected

ASUSTeK's argument that its "catch-all" statement in its invalidity contention cover pleading that "discloses" the combination of every prior art reference with every other prior art reference should be rejected. For example, examining page 1 of the table at Opposition Ex. A reveals that SVVTI alleged in the "[NOTES]" column "Combination of Morgan and Coe-Sullivan was not disclosed in Final Invalidity Contentions … Coleman ¶¶ 75-105 should be stricken". ASUSTeK's response states, for example, that Morgan was disclosed in Final Invalidity Chart C1 for the '089 Patent and that Coe-Sullivan was disclosed in Final Invalidity Charts C2 and C3 for the '089.[1] ASUSTeK does not identify any disclosure in its invalidity contentions (including

---

[1] For the '089 Patent claim 1 row in the table, SVVTI stated that Coe-Sullivan was identified only in chart C3 because that is where it was charted. ASUSTeK states that Coe-Sullivan was "disclosed" in chart C2. However, chart C2 does not contain any explanation of how Coe-Sullivan rendered the claim obvious. Instead, Coe-Sullivan is merely listed at the bottom of chart C2 along with a list of many other patent numbers as "[e]xamples of art…". *See* Mot. Ex. D, p. 53:

1

preliminary, final, amended, supplemented, etc.) of a "charted" combination of Morgan and Coe-Sullivan. Instead ASUSTeK states at the very end of its counter-arguments in the table:

> Clearly, Morgan and Coe-Sullivan were both previously disclosed in invalidity contentions. Further, Plaintiff's expert report specifically rebutted the combination that Plaintiff now seeks to strike here. (*See, e.g.,* Credelle Rebuttal Report[10] at Section X.F.) Therefore, Plaintiff had sufficient notice of Morgan and Coe-Sullivan as well as their combination. (*See, e.g.*, Final Invalidity Contentions[11] at P. 13.)

ASUSTeK's citation above (at footnote 11) points to Ex. 1 of its Opposition (a cover pleading entitled "Defendant's Invalidity Contentions") at p. 13, which states:

> To the extent that these Asserted Claims are not rendered invalid purely on anticipatory grounds or are not rendered obvious by a single prior art reference in light of the general knowledge in the field and/or of a person having ordinary skill in the art, multiple prior art references can be combined to render the Asserted Claims obvious. Those prior art combinations are identified in the accompanying charts and/or below.
> Each of the references charted in Exhibits A through M may be combined with any of the other references in those charts, or with any of the art. The claims are also rendered obvious by any of the references identified in these Final Invalidity Contentions with any other such references, with the knowledge of a person having ordinary skill in the art, and/or with admitted prior art.

ASUSTeK's argument relies upon the above catch-all statement in its invalidity contention cover pleading that essentially states that it purports to disclose the combination of every identified reference with every other identified reference. Courts have consistently refused to accept this

---

Backlight assemblies that included light emitting film(s), including quantum dot enhancement film(s), were well known prior to the invention of the Asserted Patents. A person of ordinary skill in the art would have understood the benefits of the type of light emitting films in altering the composition of light from the original light source and enhancing/amplifying certain wavelength emitted from the backlight. Examples of art describing such films and backlight that include such films, including variations in their design and implement, include:

- U.S. Patent No. 8,718,437 ("Coe-Sullivan") was filed on September 12, 2008 and published on June 25, 2009.
- U.S. Patent App. No. 20100283072 ("Kazlas") was filed on January 15, 2010 and published on November 11, 2010 (PCT/US2008/008822 filed on July 18, 2008 and published January 22, 2009).
- U.S. Patent No. 8,343,575 (Dubrow) was filed December 30, 2008, published July 1, 2010, and issued January 1, 2013.
- U.S. Patent App. No. 2006/0109682 (Ko) was filed December 30, 2004 and published May 25, 2006.
- U.S. Patent No. 7,481,562 ("Chua"), filed November 18, 2004, published May 18, 2006, and issued January 1, 2009.
- U.S. Patent No. 8,849,087 (Breen) filed December 22, 2009, published December 16, 2010, and issued September 20, 2014.
- U.S. Patent No. 7,695,150 (Dejima) was filed April 6, 2006, published November 16, 2006, and issued April 13, 2010.
- U.S. Patent App. No. 2008/0213508 ("Nagasawa"), filed January 24, 2008 and published September 4, 2008.

Notably, ASUSTeK does not allege that any of its charts disclosed the combination of Morgan and Coe-Sullivan.

kind of catch-all disclosure of combinations. *See LML Patent Corp. v. JP Morgan Chase & Co.*, No. 2:08-CV-448, 2011 WL 5158285 at *6 (E.D. Tex. Aug. 11, 2011) (stating "Defendants present no authority holding that new combinations are permissible simply because the constituent references were previously disclosed"); *see also Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049 (N.D. Cal. Jan. 19, 2017) (holding that "[v]ague or 'catch-all phrases' of obviousness are insufficient").

      **B.  ASUSTeK's Argument That the Undisclosed Combinations Were Included In Its "Amended" Or "Supplemental" Invalidity Contentions Is Unsupported**

SVVTI has considered all of ASUSTeK's amended invalidity contentions (attached to its Opposition as Ex. 3) in light of the disclosure deficiencies identified in SVVTI's Motion and has found support for ASUSTeK's contention that its proposed amended invalidity address the disclosure deficiencies, *but only for one claim of one patent*.  SVVTI has addressed these in detail in Section D below, and has also attached a revised proposed order, in the event that the Court allows and considers ASUSTeK' supplementation.  However, for the vast majority of undisclosed combinations, ASUSTeK's argument that they were included in its "amended" or "supplemental" invalidity contentions is flat wrong, as explained below.

ASUSTeK's Opposition attempts to obfuscate the non-disclosure issues by conflating "references" and "combinations."  SVVTI's Motion was quite clear in specifying the issues, and it attached its Ex. A table that clearly identified non-disclosed prior art combinations.  ASUSTeK attempts to create the misleading impression that all of the "missing" combinations were included in its disputed supplementation.  This is a red herring.  It is also incorrect, because as explained in Section D below, the purported supplementation only impacts one claim of one patent.

Upon closer examination, ASUSTeK does not explicitly argue that the undisclosed combinations were included in the disputed supplementation.  Instead, its Opposition groups

3

together "references and combinations" and suggests that they were disclosed, presumably because the references alone were disclosed and because its cover pleading included "catch-all" language that "included" every prior art reference in combination with every other prior art reference. ASUSTeK chose to state it this way:

> If the references and combinations disclosed in ASUSTeK's PICs and Amended Final Invalidity Contentions Exhibits (Charts) are taken into account, as they must be, along with the other references produced during fact discovery, Plaintiff had sufficient notice of all of the allegedly "missing" references and combinations.

Opp'n. 3. If the combination had actually been disclosed, ASUSTeK was quite capable of pointing out the combination in its Opposition, or simply identifying the combination in the "Defendant's Counter Arguments" column of its Ex. A table. ASUSTeK did not do so. Instead, ASUSTeK argues that "[i]f the references [] are taken into account, [] Plaintiff had sufficient notice of all of the allegedly 'missing' [] combinations," presumably because ASUSTeK contends that the disclosure of the underlying references is sufficient to disclose any combination of references.

To be very clear, SVVTI was able to locate just one of the undisclosed combinations appearing in ASUSTeK's "amended" or "supplemental" invalidity contentions.[2] Separate from that, the supplementation was replete with "catch-all" language. A simple search for the word "combination" in Exhibit 3 of ASUSTeK's Opposition reveals that the word "combination" appears in the form "[t]he asserted claims of [] patent are anticipated and/or rendered obvious by [Reference] alone or in combination with any of the other references listed below and identified in Defendants' Preliminary Invalidity Contentions and Final Invalidity Contentions." *See, e.g.*, Opp'n Ex. 3, pp. 1, 183, 301, 364, 589, 830, 901. ASUSTeK's "amended" or "supplemental" invalidity contentions similarly repeat this "catch-all" language:

> To the extent that these Asserted Claims are not rendered invalid purely on anticipatory grounds or are not rendered obvious by a single prior art reference in

---

[2] As explained in Section D below.

> light of the general knowledge in the field and/or of a person having ordinary skill in the art, multiple prior art references can be combined to render the Asserted Claims obvious. Those prior art combinations are, for example, identified in the chart above and/or below.

Opp'n. Ex. 3 pp. 27, 240, 297, 360, 428, 585, 666, 897.

ASUSTeK also reargues its motion to amend its invalidity contentions. *See* Opp'n. 2-3. As explained above, this is a red herring. SVVTI did not even mention the attempted supplementation in its Motion because it is not germane to *this* Motion, *i.e.*, the present Motion does not depend on the outcome of ASUSTeK's attempted supplementation.[3] Accordingly, ASUSTeK's arguments repeated in this Motion that are made in support of its earlier-filed motion are misplaced. Briefing on that motion is closed.

### C. ASUSTeK's Argument That SVVTI Suffered No Prejudice From The Undisclosed Combinations Is Misplaced and Incorrect

ASUSTeK argues that SVVTI is not prejudiced by ASUSTeK's previously-undisclosed invalidity theories because SVVTI addressed all of ASUSTeK's invalidity theories (whether previously disclosed or not) in its rebuttal report. But ASUSTeK does not explain how SVVTI had much of a choice. SVVTI was required to file a response by its rebuttal deadline, and it did. The fact that SVVTI was able to cobble together a response to a nearly seven-hundred-page invalidity report (*see* Mot. Ex. B) containing many previously-undisclosed invalidity theories in a short amount of time necessarily required a very abbreviated period of prior art analysis and shortcuts manifested in the completeness of the rebuttal report.

ASUSTeK argues that SVVTI's expert, Thomas Credelle, "does not complain that any combinations or references discussed in Dr. Coleman's expert report were not addressed in ASUSTeK's FICs." Opp'n. 4. That is not Mr. Credelle's job, and compliance with the Court's

---

[3] As explained below in Section D, if the Court allows the supplementation, the additional disclosure impacts just one claim of one asserted patent.

5

rules is not Mr. Credelle's area of expertise. Further, it is unclear what difference it would make if Mr. Credelle would have rendered such opinion. ASUSTeK does not explain why a rebuttal report need contain such a statement.

ASUSTeK's cited authority is inapposite. ASUSTeK cites to *Clinicomp International, Inc. v. Athenahealth, Inc.*, 2021 WL 7541408, No. A-18-CV-00425-LY, at * 2 (W.D. Tex. April 29, 2021) for the proposition that a motion to strike may be denied where late-produced evidence was harmless. *Clinicomp* is easily distinguishable because it involved a motion to strike a third-party five-page declaration that the court found "does not include any information about which [defendant] is unaware." ASUSTeK's citation to *Electromedical Products International, Inc. v. Pharmaceutical Innovations, Inc.*, 2020 WL 11039196, 4:20-cv-00403-O, at *3-4 (N.D. Tex. Dec. 18, 2020) does not aid ASUSTeK. The *Electromedical* facts have little overlap with the facts of this case. There, the issue was whether the plaintiff, who designated its CPA and finance director as its expert on damages, needed to serve an expert report. The *Electromedical* court found that a report was required, and ordered that a report be served within an extended deadline. ASUSTeK's citation to *Medline Industries, Inc. v. CR Bard, Inc.*, 511 F.Supp.3d 883, 890 (N.D. Ill. 2021) fares no better. First, as ASUSTeK noted, while *Medline* raised the possibility of rebuttals responding to undisclosed theories, *Medline* also *granted* the motion to strike. Second, addressing ASUSTeK's note that the *Medline* court inquired whether the parties could have responded to the undisclosed theories in their rebuttals, the court was apparently merely pointing out the irony that the defendant contended that the plaintiff's expert "could have 'easily respond[ed]' to the disclosures" but did not explain why its own expert "could not have likewise 'easily respond[ed]' to the disclosures." As explained above, the fact that Mr. Credelle was able to craft some responses, regardless of their completeness, to a large number of undisclosed combinations in

rebutting a very lengthy invalidity report within a short amount of time does not suggest that forcing such an imbalanced response represented a fair playing field for the parties. Hence the reason why the disclosures are required.

Tellingly, ASUSTeK's Opposition does not address the many district court orders involving the identical issue of undisclosed prior art combinations, or this Court's standard MIL No. 4. ("[t]he parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions.").[4] *See*, Mot. 4-6, citing eight cases supporting SVVTI's Motion.

### D. SVVTI Provides an Updated Deficiency Table and a Revised Proposed Order That Takes Into Account ASUSTeK's "Amended" Or "Supplemental" Invalidity Contentions

As explained above in Section B, *one* of the SVVTI-identified undisclosed combinations *was* addressed by ASUSTeK's "amended" or "supplemental" invalidity contentions. For claim 42 of the '306 Patent, ASUSTeK's amended Exhibits K2 and K3 (Opp'n. Ex. 3, pp. 581-585, 663-666) address the combination of Kunimochi 2 and Coe-Sullivan, which provide support for Coleman Report ¶¶ 1272-1283. A revised proposed order is attached.

### E.  Partial Summary Judgement of No Invalidity is Appropriate

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-87 (1986). ASUSTeK has not done so. Even if it did allege a factual issue, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

---

[4] *See* ECF No. 47.

Under 35 U.S.C. § 282, patents are presumed to be valid, and the burden of proving anticipation is on ASUSTeK, who must make its case with clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 95 (2011). Although invalidity generally is a question of fact, SVVTI can obtain summary judgment by showing that no reasonable jury could find by clear and convincing evidence that the claims-in-suit are invalid. *Golden Bridge Technology, Inc. v. Nokia, In*c., 527 F.3d 1318, 1321 (Fed. Cir. 2008); *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C*., 482 F.3d 1347, 1357-58 (Fed. Cir. 2007) (affirming district court's grant of summary judgment of no invalidity where defendant "failed to meet its burden of coming forward with evidence to create a genuine dispute of fact" on invalidity issue).

As explained above, certain paragraphs of ASUSTeK's expert's invalidity report are properly excluded based on this Court's rules and its MIL No. 4.  Consequently, there is no factual basis from which a reasonable trier of fact could find clear and convincing evidence of invalidity as to claim 23 of U.S. Patent No. 10,439,088; claims 1, 2, 3, 9, 12, and 14 of U.S. Patent No. 8,740,397; and claim 16 of U.S. Patent No. 10,838,135.

## II. CONCLUSION

For the foregoing reasons, SVVTI respectfully requests the Court to strike the portions of Dr. Coleman's expert report relating to the new previously-undisclosed obviousness combinations as summarized in Exhibit A and to grant SVVTI partial summary judgement of no invalidity as identified in the proposed order accompanying its Motion, or, if the Court considers ASUSTeK's invalidity amendments, the revised proposed order accompanying this Reply.

| | |
|---|---|
| DATED: December 4, 2023 | Respectfully submitted,<br><br>/s/*Robert D. Katz*<br>Robert D. Katz<br>Texas Bar No. 24057936<br>KATZ PLLC<br>6060 N. Central Expressway, Suite 560<br>Dallas, TX 75206<br>214-865-8000<br>888-231-5775 (fax)<br>rkatz@katzfirm.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**SVV TECHNOLOGY INNOVATIONS INC.** |