# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00311-ADA<br>Civil Action No. 6:22-cv-00312-ADA<br>Civil Action No. 6:22-cv-00313-ADA<br><br>JURY DEMANDED |

## DEFENDANT ASUSTEK COMPUTER INC.'S MOTIONS IN LIMINE

**TABLE OF CONTENTS**

Page

ASUSTeK MIL 1:  Preclude SVV's expert from testifying about infringement claim charts and exclude SVV from introducing charts into evidence ................. 1

    (a)    The infringement claim charts are inadmissible hearsay ................ 1

    (b)    Mr. Credelle cannot authenticate the infringement charts, so they cannot be admitted and he cannot testify as to their content ..................................................................................................... 3

ASUSTeK MIL 2:  Preclude SVV from referring to or treating any combinations of ASUSTeK and its subsidiaries collectively or jointly as a single entity or attributing sales to unnamed entities ....................................................... 4

ASUSTeK MIL 3:  Exclude PTX-451 – PTX-484, reports from Innography, and testimony regarding contents of the reports ................................................. 5

ASUSTeK MIL 4:  Preclude testimony on and reference to SVV patents that are not asserted in this case .................................................................................... 7

ASUSTeK MIL 5:  Preclude argument or suggestion that ASUSTeK copied or stole the Asserted Patents ......................................................................................... 8

**TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*
   299 F.3d 1336 (Fed. Cir. 2002)..................................................................................................8

*Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*
   173 F. Supp. 3d 363 (N.D. Tex. 2016), *aff'd as modified and remanded*,
   725 F. App'x 256 (5th Cir. 2018) ..............................................................................................2

*Contour IP Holding, LLC*, No. 3:17-CV-04738-WHO, 2021 WL 75666
   (N.D. Cal. Jan. 8, 2021) .............................................................................................................5

*ESW Holdings, Inc. v. Roku, Inc.*
   No. 6:19-CV-00044-ADA, Dkt. 150 (W.D. Tex. Mar. 23, 2021) .............................................9

*Finjan, Inc. v. Blue Coat Sys., Inc.*
   No. 5:13-CV-03999-BLF, 2015 WL 4129193 (N.D. Cal. July 8, 2015) ..................................9

*Intellectual Ventures II LLC v. FedEx Corporation*
   No. 2:16-CV-00980-JRG, 2018 WL 10638138 (E.D. Tex. April 26, 2018) ............................9

*Iron Grip Barbell Co. v. USA Sports, Inc.*
   392 F.3d 1317 (Fed. Cir. 2004)..................................................................................................9

*Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v. CH Lighting Tech. Co.*
   No. 6:20-cv-00018-ADA (W.D. Tex)................................................................................2, 3, 4

*Miles v. American Telephone & Telegraph Co.*
   703 F.2d 193 (5th Cir. 1983) .....................................................................................................4

*Pizza Hut, LLC v. Ronak Foods, LLC*
   No. 5:21-CV-00089-RWS, 2022 WL 3544403 (E.D. Tex. June 17, 2022),
   *aff'd sub nom. Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535 (5th Cir. 2023)................................2

*Tejas Inc. v. Siemers*
   No. A-09-cv-281, 2009 WL 2762066 (W.D. Tex. Aug. 26, 2009) ...........................................5

*United States v. Bestfoods*
   524 U.S. 51 (1998).....................................................................................................................5

*Wi-LAN Inc. v. Sharp Elecs. Corp.*
   992 F.3d 1366 (Fed. Cir. 2021)..................................................................................................2

*Zimmer Surgical, Inc. v. Stryker Corp.*
   365 F. Supp. 3d 466 (D. Del. 2019)...........................................................................................8

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rules of Evidence
    Rule 401 ...................................................................................................................6, 7, 8, 9
    Rule 401-403 ..........................................................................................................................5
    Rule 402 ...................................................................................................................6, 7, 8, 9
    Rule 403 ......................................................................................................................ifpassim
    Rule 703 .................................................................................................................................2
    Rule 801 .................................................................................................................................2
    Rule 801(c)(2) ........................................................................................................................2
    Rule 901 ............................................................................................................................3, 6

Pursuant to the Parties' Joint Notice Regarding Modifications to Scheduling Order (Dkt. 105),[1] Defendant ASUSTeK Computer Inc. ("ASUSTeK") respectfully submits the following Motions in Limine ("MIL").

**ASUSTeK MIL 1:** **Preclude SVV's expert from testifying about infringement claim charts and exclude SVV from introducing charts into evidence**

Plaintiff SVV Technology Innovations Inc.'s ("SVV") exhibits PTX-165 to PTX-442, all of which consist of infringement claim charts, should be excluded from trial, and its technical expert, Thomas Credelle, should not be allowed to testify regarding those exhibits. SVV seeks to establish alleged infringement of ASUS-branded products by introducing claim charts that were attached as exhibits to Mr. Credelle's expert report. Declaration of Jack Shaw in Support of Defendant ASUSTeK Inc.'s Motions in Limine ("Shaw Dec."), Ex. 1 (SVV's Exhibit List) at PTX-165 to PTX-442. These exhibits and Mr. Credelle's related testimony should be disallowed for two reasons. *First*, the claim charts themselves are inadmissible hearsay. *Second*, Mr. Credelle does not have sufficient first-hand knowledge of the photographs that serve as the basis for the charts, or of the underlying products, to be able to authenticate the charts or offer opinion testimony as to what they show.

    **(a)**    **The infringement claim charts are inadmissible hearsay**

The infringement charts supposedly illustrate Mr. Credelle's infringement opinions and analyses for ASUS-branded products. The charts purport to match each limitation of the asserted patent claims with corresponding features in the Accused Products. To perform this mapping, the charts rely on photographs that are alleged to be from "tear downs" of the accused ASUS-branded products.

---

[1] Docket citations are from Case No. 6:22-cv-00311-ADA (the "311 case"). Identical pleadings were filed in Case No. 6:22-cv-00312-ADA and Case No. 6:22-cv-00313-ADA.

1

As the infringement charts are clearly out-of-court statements offered to prove the truth of the matter asserted – the alleged infringement by the charted products – the charts are hearsay. Because they do not come within any exception to the hearsay rule, they are inadmissible. An expert report is hearsay that should be excluded under Fed. R. Evid. 801. *See, e.g., Pizza Hut, LLC v. Ronak Foods, LLC*, No. 5:21-CV-00089-RWS, 2022 WL 3544403, at *3–4 (E.D. Tex. June 17, 2022), *aff'd sub nom. Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535 (5th Cir. 2023) (expert report not admitted into evidence because it is "hearsay to which no hearsay exception applies."); *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 413–14 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) ("Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2).").[2]

The fact that Mr. Credelle, a purported expert witness who can rely on inadmissible evidence, will be offered to testify regarding the charts does not convert the charts into admissible evidence. FRE 703 cannot be the basis for an exception to the hearsay rule and does not authorize admitting inadmissible evidence simply because it is the basis for expert opinion. *See Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021) ("Rule 703 does not make admissible otherwise inadmissible evidence," internal citation and quotation marks omitted.). The infringement charts should not be admitted into evidence.

---

[2] In a previous case, the Court excluded third-party documents the defendant had offered to describe chip operations as unauthenticated hearsay because the defendant could not offer a sponsoring witness with first-hand knowledge to authenticate the documents. *Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v. CH Lighting Technology Co., et. al.*, No. 6:20-cv-00018-ADA (W.D. Tex.), Dkt. 169 (redacted public version of Motions in Limine) at 2; Dkt. 190 (minute entry granting MIL No. 2 to exclude third-party documents).

### (b) Mr. Credelle cannot authenticate the infringement charts, so they cannot be admitted and he cannot testify as to their content

The claim charts also should be excluded under Fed. R. Evid. 901 because the entire foundation for Mr. Credelle's opinion regarding the makeup of the Accused Products – photos that purport to be of components of ASUS-branded monitors – cannot be authenticated. Mr. Credelle had nothing to do with at least 199 of the 278 infringement charts (72%) – or the photographs on which they are based – because these charts were served on ASUSTeK on July 29, 2022, long before SVV retained Mr. Credelle. Nor can he authenticate the photos contained in the other charts because he did not create them and did not perform or supervise the underlying product tear downs.[3] Mr. Credelle does not have the knowledge necessary to lay a foundation for the photographs that form the entire basis of his report or to testify regarding those photographs – or ASUSTeK's alleged infringement.

Under very similar circumstances in the *Jiaxing Super Lighting* case, this Court precluded the defendant's technical expert from testifying regarding claimed prior art LED tube products because "he had no personal experience with those tubes and he had not personally inspected them prior to issuing his report. See ECF No. 241 at 6. Rather, he had been provided photographs of

---

[3] ASUSTeK did not take Mr. Credelle's deposition, but he was deposed by counsel for Acer in a companion case involving the identical patents, ASUS-branded products and similar claim charts. *See SVV Technology Innovations Inc. v. Acer Inc.*, No. 6:22-cv-00639-ADA (W.D. Tex.). In that deposition, Mr. Credelle testified: "Q. Did you perform the tear-downs? A. For the most part, no. As I say, once I went to Sacramento to – to examine the tear-downs, some additional tests were run while I was there but for the most part the tear-downs had already been taken care of and documented. Q. When you say 'for the most part, no,' were there some products where you performed the tear-down yourself? A. No, I – I personally didn't take apart these[.]" Shaw Dec. Ex. 2, Credelle Depo. at 36:9-25; "Q. So SVV did the actual tear-down and took the pictures, right? A. Yeah. As far as I know, it was only SVV personnel, but it could have been some additional help but they – they were responsible for the tear-down. Q. Okay. Were you present when the pictures were being taken? A. I wasn't present when these photographs were taken, no. They were done before my visit." *Id*. at 133:1-10.

3

teardowns of the prior art tubes; he did not know who took the photographs, when or where they were taken, or the qualifications of the person performing the teardown." *See Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v. CH Lighting Technology Co., et. al.*, No. 6:20-cv-00018-ADA, Dkt. 286 (redacted public version of [Amended] Memorandum Opinion & Order re post-trial motions) at 24 (W.D. Tex. Aug 12, 2022). Mr. Credelle should likewise not be allowed to testify as to the infringement charts, and the charts should not be admitted into evidence.

In sum, the claim charts are inadmissible hearsay and cannot be properly authenticated. Therefore, they should be excluded. Regardless of the admissibility of the charts, Mr. Credelle should be precluded from testifying as to their contents because he is not sufficiently familiar with them.

**ASUSTeK MIL 2:** **Preclude SVV from referring to or treating any combinations of ASUSTeK and its subsidiaries collectively or jointly as a single entity or attributing sales to unnamed entities**

SVV intends to pursue various theories of "alter ego" and agency liability at trial, and in doing so intends to characterize ASUSTeK and two of its subsidiaries, ASUS Computer International ("ACI") and ASUS Global Pte. Ltd. ("ASGL"), who SVV has chosen not to include as parties in this action, as a single entity at trial, including by collectively referring to them as "ASUS." But the evidentiary record establishes that ASUSTeK, ASGL, and ACI are – and always have been – separate corporate entities. *See, e.g.*, 311 case, Dkt. 72, at 2-3 (ASUSTeK's Motion for Summary Judgment) (describing the separate functions of and business relationships between ASUSTeK, ASGL, and ACI). Moreover, SVV should be precluded from introducing arguments that ASUSTeK, rather than its subsidiaries, sells the Accused Products. Unless fraudulent or otherwise illegal conduct is shown, Texas courts are "loathe to merge the separate legal identities of parent and subsidiary." *Miles v. American Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th

Cir. 1983). Indeed, "[a] bedrock principle of corporate law is that 'a parent corporation is not liable' for actions taken by its subsidiaries." *Tejas Inc. v. Siemers*, No. A-09-cv-281, 2009 WL 2762066, at *3 (W.D. Tex. Aug. 26, 2009) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

ASUSTeK has filed a motion for summary judgment on SVV's alter ego and agency claims. 311 case, Dkt. 72 at 6-10. Should the Court deny that motion, SVV will bear the burden of proving its alter ego and agency allegations. It cannot gloss over that burden by simply and inappropriately referring to parent corporation ASUSTeK and subsidiary corporations ASGL and ACI interchangeably as a single entity referred to as "ASUSTeK" or "ASUS." If SVV were to refer to the three companies as one "ASUS" entity, it would not only run afoul of established legal principles, but it would be certain to confuse the jury as to which actions are attributable to each distinct, legal entity. Fed. R. Evid. 403; *Contour IP Holding, LLC*, No. 3:17-CV-04738-WHO, 2021 WL 75666, at *8 (N.D. Cal. Jan. 8, 2021) (granting motion *in limine* to limited extent to prevent party "from suggesting" that Contour IP Holdings, LLC "is the same company as Contour, LLC or Contour, Inc.").

Collectively referring to three, legally-distinct entities as one is legally incorrect, has no relevance to the case, and would only serve to confuse and mislead the jury. Fed. R. Evid. 401-403. ASUSTeK respectfully requests that the Court preclude SVV from referring to or treating ASUSTeK, ASGL, and/or ACI, collectively or jointly, as a single entity.

**ASUSTeK MIL 3:**    **Exclude PTX-451 – PTX-484, reports from Innography, and testimony regarding contents of the reports**

SVV produced reports prepared by Innography that claim to analyze the strength of the Asserted Patents on a scale of 1 to 100. The reports purport to consider such factors as field

classifications and forward/backward citations. *See e.g.*, Ex. 3 to Shaw Dec., PTX-484 (Innography Report for the '342 Patent).

ASUSTeK filed a *Daubert* motion that seeks, among other things, an order precluding Mr. Credelle, SVV's technical expert, from rendering any opinions based on the Innography reports. Case 311, Dkt. 67 at 6-8. In addition to Mr. Credelle not being permitted to testify as to the existence or any aspect of the Innography reports, the reports should not be admitted into evidence.

*First*, the reports are inadmissible hearsay. They are indisputably out-of-court statements offered for the truth of their contents – that the Asserted Patents are "strong" patents. No hearsay exception applies to the reports. They are, therefore, inadmissible hearsay and should be excluded.

*Second,* the reports should be excluded because they cannot be authenticated under Fed. R. Evid. 901. Clarivate, PLC, a third-party provider that owns Innography, generated the reports, but SVV's witness list does not identify anyone from Clarivate. SVV's principal, ▓▓▓▓▓▓ cannot authenticate the reports ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Shaw Dec. Ex. 4, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Finally, Mr. Credelle played no role in the commissioning or preparation of the reports, so he is in no position to authenticate them. Without a witness who can authenticate the Innography reports, they should be excluded.

*Third*, the Innography reports should be excluded under Fed. R. Evid. 401 and 402 because they are irrelevant. They make no fact of consequence more likely or unlikely because they are the black-box output of an unknown algorithm produced by an entity that will not appear at trial to explain its methodology. Fed. R. Evid. 402. Even if relevant, which they are not, these reports should be excluded because any probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

The Innography reports give each patent a numerical strength ranking between 1-100. Presumably, the higher the number, the stronger the patent relevant to all other patents, at least based on the determination of Innography's unexplained algorithm. This number, however, does not correlate to the issues in this case. It does not relate in any way to infringement or patent validity of any of the Asserted Patents. Thus, the Innography "patent strength" ranking has no probative value to the issues in this action. However, it does introduce a high risk of juror prejudice and confusion. A juror may confuse the Innography's assessment of "patent strength" (whatever that might mean) with a credible determination of the value of SVV's patents. A juror may incorrectly assume that a high numerical ranking is an indicator of validity, infringement, or value, none of which is true. Because the reports have no probative value and introduce a high risk of juror prejudice and confusion, they – and any related testimony – should be excluded under Fed. R. Evid. 401, 402 and 403.

**ASUSTeK MIL 4:** **Preclude testimony on and reference to SVV patents that are not asserted in this case**

SVV has pending three lawsuits against ASUSTeK, all filed on the same day and which were consolidated for pretrial purposes. *See* 311 case, Dkt. 15. In the three cases, SVV has asserted a total of 13 patents. ASUSTeK has filed a motion to consolidate the three cases into a single trial, which SVV has opposed. 311 case, Dkt. 62; Dkt. 63. The motion remains pending. Should the Court deny the motion, SVV has indicated it intends to proceed with the 311 case first.

In the 311 case, SVV contends that ASUSTeK infringes four patents – '318, '342, '089 and '562. The other nine patents asserted against ASUSTeK in the other two cases are thus irrelevant, and SVV should not be allowed to refer to the unasserted patents or to allegations that ASUSTeK infringes those patents. Fed. R. Evid. 401 and 402. Mention of patents other than the four at issue in this case should also be precluded under Fed. R. Evid. 403 to avoid prejudice to

ASUSTeK and likely juror confusion, as it could lead jurors to draw improper inferences of potential culpability based on the multiple lawsuits filed and large number of patents asserted overall.

The preclusion of references to patents asserted in other cases should extend to attachments to the report prepared by SVV's damages expert, Matthew Farber, which now appear on SVV's list of exhibits as PTX-650 – PTX-685. As an initial matter, Dr. Farber prepared a single report, with attachments, that applied to all three cases and analyzed potential damages with regard to all 13 patents. That single report is no longer applicable if the Court, as SVV insists it should, conducts three trials. In any event, information contained in the Farber attachments regarding infringement and damages for the unasserted patents are irrelevant in this matter, could lead to juror confusion, and should not be admitted under Fed. R. Evid. 401, 402 and 403. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 500 (D. Del. 2019) (expert opinion on patents not at issue were neither helpful nor relevant and thus deemed inadmissible).

**ASUSTeK MIL 5:** **Preclude argument or suggestion that ASUSTeK copied or stole the Asserted Patents**

SVV should be precluded from referencing or introducing arguments or evidence that suggests ASUSTeK "copied" any alleged inventions claimed in the Asserted Patents or that characterizes ASUSTeK as "stealing," "copying," "pirating," "robbing" or other like pejorative term suggesting ASUSTeK acted improperly.

In a patent infringement dispute, allegations of copying the asserted patents are irrelevant. Indeed, copying "is of *no import* on the question of whether the claims of an issued patent are infringed." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002) (emphasis added) ("Indeed, the Supreme Court has specifically rejected the proposition that copying is relevant to infringement as asserted under the doctrine of equivalents."). In fact, copying

8

may only be relevant to show secondary indicia of non-obviousness, and even then any such showing requires the precise "replication of a specific product." *Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004).

Here, SVV has not alleged copying as a possible secondary indicia of non-obviousness, so copying is not relevant to any issue. Accordingly, the only reason for SVV to suggest copying at trial would be to inflame and confuse the jury, which alone is a reason to preclude such statements. Fed. R. Evid. 401, 402 and 403; *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 5:13-CV-03999-BLF, 2015 WL 4129193, at *6 (N.D. Cal. July 8, 2015) ("there is significant prejudice associated with this evidence, as a jury may use evidence of copying to unfairly conclude that Defendant's products *infringe* the patents-in-suit," emphasis in original). SVV should, therefore, be precluded from suggesting or arguing copying by ASUSTeK or smearing ASUSTeK with similar pejorative terms. *See e.g.*, *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-CV-00044-ADA, Dkt. 150, at 1 (W.D. Tex. Mar. 23, 2021) (excluding "reference or suggestion that [defendant] copied"); *see also Intellectual Ventures II LLC v. FedEx Corporation*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *6 (E.D. Tex. April 26, 2018) (excluding use of "derogatory or pejorative terms," including "stealing," "copying," "pirating," "or any other charged words suggesting an improper taking from [plaintiff]").

| DATED: April 12, 2024 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
|---|---|
| | By: /s/ Jack Shaw |
| | Jack Shaw |
| | California Bar No. 309382 |
| | Robert H. Sloss *(Admitted Pro Hac Vice)* |
| | California Bar No. 87757 |
| | **PROCOPIO CORY HARGREAVES & SAVITCH LLP** |

9

███████████████████████████████

    3000 El Camino Real Ste 5-400
    Palo Alto, CA 94306
    Telephone: (650) 645-9000
    Facsimile: (650) 687-8300
    Email: robert.sloss@procopio.com
    Email: jack.shaw@procopio.com

    Victor M. Felix *(Admitted Pro Hac Vice)*
    California Bar No. 179622
    **PROCOPIO CORY HARGREAVES**
    **& SAVITCH LLP**
    525 B Street, Suite 2200
    San Diego, CA 92101
    Telephone: (619) 238-1900
    Facsimile: (619) 2350398
    Email: victor.felix@procopio.com

    Steven Maddox (Admitted Pro Hac Vice)
    District of Columbia Bar No. 421272
    **PROCOPIO CORY HARGREAVES**
    **& SAVITCH LLP**
    1901 L. Street NW, Suite 620
    Washington, D.C. 20036
    Telephone: (202_ 830-0707
    Email: steven.maddox@procopio.com

    Mark D. Siegmund
    State Bar No. 24117055
    **CHERRY JOHNSON SIEGMUND**
    **JAMES PLLC**
    400 Austin Avenue, 9th Floor
    Waco, TX 76701
    Tel: (252) 732-2242
    Email: msiegmund@cjsjlaw.com

    **Attorneys for Defendant ASUSTEK**
    **COMPUTER, INC**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 12, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via electronic email.

*/s/ Jack Shaw*
Jack Shaw