IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § § § | |
| *Plaintiff*, | § § | Civil Action No. 6:22-cv-00311-ADA |
| v. | § § | Civil Action No. 6:22-cv-00312-ADA |
| | § | Civil Action No. 6:22-cv-00313-ADA |
| **ASUSTEK COMPUTER INC.** | § § | **JURY DEMANDED** |
| *Defendant.* | § § § | |

**PLAINTIFF'S RESPONSES IN OPPOSITION TO
ASUSTEK COMPUTER INC.'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I. The Court should deny ASUS's MIL 1 attempting to preclude introduction of and testimony on Mr. Credelle's infringement expert report charts............................................... 1

II. The Court should deny ASUS's MIL 2 regarding reference to combinations of ASUS and its subsidiaries. ................................................................................................ 4

III. The Court should deny ASUS's MIL 3 regarding Innography Reports ............................... 6

IV. The Court should deny ASUS's MIL 4 on references to other SVV patents asserted against ASUS. ...................................................................................................................... 9

V. In place of ASUS's MIL 5, the Court should grant the following agreed MIL regarding copying.................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**

*ACQIS LLC v. ASUSTeK Computer Inc.*
  No. 6:20-cv-00966-ADA (W.D. Tex.) .................................................................................. 5

*Demaray LLC v. Samsung Elecs. Co., Ltd.*
  No. 6:20-cv-00636-ADA (W.D. Tex.) .................................................................................. 1

*Fox v. Taylor Diving & Salvage Co.*
  694 F.2d 1349 (5th Cir. 1983) ............................................................................................ 7

*Giuliano v. Sandisk Corp.*
  No. C 10-02787 SBA, 2015 WL 10890654 (N.D. Cal. May 14, 2015) ...................................... 3

*Monsanto Co. v. David*
  516 F.3d 1009 (Fed. Cir. 2008) ........................................................................................... 2

*Noviello v. Holloway Funding Group*
  No. 3:22-cv-52, 2023 WL 2195768 (N.D. Tex. Feb. 23, 2023) ................................................ 9

*Realtime Data LLC v. EchoStar Corp.*
  No. 6:17-CV-00084-JDL, 2018 WL 6266301 (E.D. Tex. Nov. 15, 2018) ................................... 8

*Romero by & through Ramos v. S. Schwab Co., Inc.*
  No. 15-CV-815-GPC-MDD, 2017 WL 5885543 (S.D. Cal. Nov. 29, 2017) ............................... 3

*Stancill v. McKenzie Tank Lines, Inc.*
  497 F.2d 529 (5th Cir. 1974) ............................................................................................... 4

*Wright v. Case Corp.*
  No. Civ. A. 1:03CV1618-JEC, 2006 WL 278384 (N.D. Ga. Feb. 1, 2006) ............................... 4

**Statutes**

35 U.S.C. 271(g) .................................................................................................................. 4

**Rules**

Fed. R. Evid. 703 ............................................................................................................. 2, 6
Fed. R. Evid. 803(17) ........................................................................................................... 6
Fed. R. Evid. 901 ................................................................................................................. 2
Fed. R. Evid. 901(b) ............................................................................................................. 2

Plaintiff SVV Technology Innovations Inc. ("SVV") opposes the following motions *in limine* numbers 1–4 requested by Defendant ASUSTeK Computer Inc. ("ASUS" or "Defendant"), and the Court should deny these motions. The parties have reached an agreement with respect to ASUS's MIL 5.

## I. The Court should deny ASUS's MIL 1 attempting to preclude introduction of and testimony on Mr. Credelle's infringement expert report charts.

ASUS's MIL #1 relates to SVV's expert Mr. Credelle's infringement report. ASUS seeks two forms of relief—one with respect to claim charts attached to the body of the Credelle report and one with respect to Mr. Credelle's testimony. The MIL is a backdoor *Daubert* motion and should be denied on that basis. *See* Standing Order Governing Proceedings (OGP) 4.4—Patent Cases (Jan. 23, 2024) ("MILs that . . . are more appropriately [] *Daubert* motions are improper.").

The motion should be denied for the following additional reasons as well:

ASUS first argues that the infringing product claim charts attached to Mr. Credelle's report may not be admitted as evidence, citing the rule that expert reports are typically deemed inadmissible hearsay. SVV does not anticipate seeking introduction of all claim chart attachments to Mr. Credelle's expert report in this case. But there may be reasons why certain attachments may need to be admitted, however, depending on the other evidence and arguments raised at trial. This is why these materials are listed in SVV's exhibit list. Indeed, there are instances where chart exhibits attached to expert reports *are* admitted into evidence. *See, e.g.*, *Demaray LLC v. Samsung Elecs. Co., Ltd.*, No. 6:20-cv-00636-ADA, Dkt. 513 (W.D. Tex. Feb. 16, 2024) (technical expert Giapis' Infringing Reactors Chart as admitted trial exhibit PTX0982). ASUS knows this: it is seeking admission of its own expert report attachments *in this case*. *See* Ex. H (ASUS's amended exhibit list) at 1–2 (DTX-0061 through DTX-0079).

1

ASUS cannot have it both ways.  To the extent either party believes it needs to admit particular attachments to an expert's report (rather than, *e.g.*, present the information as demonstratives), objections to that evidence are more appropriately handled in the context of the trial and with knowledge of the particular reasons for introducing any such exhibits.  A broad (and one-sided) *in limine* ruling is not an appropriate mechanism to pre-foreclose the admissibility of all particular exhibits for all purposes.

ASUS next argues that Mr. Credelle should not be permitted to testify as to "the content" of his expert report's accused product charts.  Each of ASUS's reasons for preclusion are mistaken, unavailing, or both.

ASUS first argues that the contents of the claim chart exhibits cannot be authenticated.  This is just wrong.  ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Dr. Vasylyev is a will-call witness for this trial, and will be able to sponsor any such photographs at trial.  Thus, Fed. R. Evid. 901 is not even an appropriate or relevant basis on which to raise this motion.  *See* Fed. R. Evid. 901(b) ("The following are examples only — not a complete list — of evidence that satisfies the [authenticity] requirement: (1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.").

ASUS next argues that Mr. Credelle's testimony should be excluded because he did not personally perform all of the tear-down photography.  That argument has been rejected time and again.  The Federal Rules of Evidence establish that an expert need not have obtained the basis for his opinion from personal perception.  *See, e.g.*, *Monsanto Co. v. David*, 516 F.3d 1009, 1015 (Fed. Cir. 2008).  The rules provide that an expert may rely on facts and data "that the expert *has been made aware of* or personally observed." Fed. R. Evid. 703 (emphasis added); *see also*

2

*Romero by & through Ramos v. S. Schwab Co., Inc.*, No. 15-CV-815-GPC-MDD, 2017 WL 5885543, at *7 (S.D. Cal. Nov. 29, 2017) ("Even if he was not familiar with the underlying test, as an expert, Dr. Howitt is allowed to rely on otherwise inadmissible hearsay as a basis to explain his conclusions."). And of course, "questions regarding the evidence relied upon by [Mr. Credelle] go to the weight, not the admissibility, of his opinion." *Giuliano v. Sandisk Corp.*, No. C 10-02787 SBA, 2015 WL 10890654, at *8 (N.D. Cal. May 14, 2015).

It is telling that ASUS cites just a single case to support the incredible relief it seeks, the *Jiaxing* case. That case is inapposite and irrelevant. As an initial matter, the *Jiaxing* order that ASUS relies on did not involve a motion *in limine*; the order resolved a post-trial motion for attorney's fees. Even ignoring the inapplicable procedural posture, the facts in *Jiaxing* were nothing like those here. In *Jiaxing*, the expert apparently had no personal experience with the prior art "tubes" and had not personally inspected them prior to issuing his report. The opposite is true in this case: Credelle performed an independent investigation of the accused products in-person, examined the tear-downs in-person, and performed tests on the accused products in-person. This is all set forth in the testimony that ASUS itself cites in its brief. *See* Dkt. 127[1] ("Mot.") at 3 n.3.; *see also, e.g.*, Ex. J (Credelle Infringement Report) ¶ 62 n.10 (disclosing test data from experiments performed on the accused products at SVV in Sacramento). And unlike *Jiaxing*, where the expert was unfamiliar with the origin of the product photos he relied upon, ███████████████████████████████████████████ The only similarity between *Jiaxing* and the case at bar is that both involve an expert who relies in part on product images. That similarity is trivial—it is "perfectly acceptable" for an expert to "rely on drawings, photographs, and other information,"

---

[1] All citations to filings in these proceedings refer to docket numbers in the -311 action unless otherwise specified.

3

even where that information is provided by a non-expert. *See Wright v. Case Corp.*, No. Civ. A. 1:03CV1618-JEC, 2006 WL 278384, at *9 (N.D. Ga. Feb. 1, 2006) (citing *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 536–37 (5th Cir. 1974)).

To the extent ASUS believed Mr. Credelle's opinions regarding the accused products were unreliable or that his testimony about infringement could not be based in whole or in part on these product images, the deadline to seek preclusion of that testimony was *last year*. *See* Dkt. 64 (setting deadline to file *Daubert* motions as November 7, 2023). ASUS did file a motion challenging portions of Mr. Credelle's report by that deadline, but that motion was silent as to Mr. Credelle's use of these claim chart exhibits. Rather, ASUS's *Daubert* challenged opinions of purported "value" of the patents, 35 U.S.C. 271(g) infringement, and what ASUS characterized as improper legal conclusions regarding "intent" evidence and license comparability. *See* Dkt. 67 (ASUS's *Daubert* Motion on Credelle). If ASUS believed that Mr. Credelle failed to support his opinions with sufficient evidence or employ acceptable methodology in analyzing infringement, it was required to raise such challenges in its *Daubert* Motion. Its MIL #1 is not a proper or timely vehicle in which to do so nearly six months later.

ASUS's MIL #1 should be denied.

**II.    The Court should deny ASUS's MIL 2 regarding reference to combinations of ASUS and its subsidiaries.**

ASUS's MIL 2 seeks an overbroad, blanket prohibition on treating ASUS and certain subsidiaries "collectively or jointly as a single entity[.]" Mot. at 4. SVV has triable claims of direct infringement against ASUS, including claims seeking to hold ASUS vicariously liable for the actions of its wholly-owned subsidiaries. Such claims are based on theories of, for example, control and benefit, alter ego, agency, and joint enterprise. While ASUS makes sure to emphasize that SVV has the burden to present evidence supporting these claims, ASUS—at the

4

very same time—attempts to unjustly restrict SVV's presentation of such evidence to support these live claims. The Court has recently denied a similar motion sought by ASUS in a separate matter. *See ACQIS LLC v. ASUSTeK Computer Inc.*, No. 6:20-cv-00966-ADA, Dkt. 299 at 2 (W.D. Tex. Nov. 6, 2023). The Court should do the same here and deny ASUS's MIL 2.

Most pointedly, the supposed wrong that ASUS seeks to prevent—that SVV "refer to three companies as one 'ASUS' entity," Mot. at 5—is precisely *how ASUS* has referred to itself and its wholly-owned subsidiaries to the public. Whether as the "ASUS Brand" or the "ASUS Group," ASUS has often referred to itself and its wholly-owned subsidiaries as a collective. For example, ASUS publishes consolidated financial statements and reports (whose reported financial data includes that of its U.S. subsidiary) that consistently refer to the ASUS "Group" and reports operations of the "ASUS Brand." *See, e.g.*, Ex. K (SVVTI 034653–SVVTI-034655); Ex. L (SVVTI 034563). As another example, both ASUS and its U.S. subsidiary share the same website, including an "About ASUS" page that, regardless of whether one is on the "Global" or "United States" webpage, refers to the exact same information about ASUS.[2] This evidence is not unduly prejudicial. It is invariably relevant evidence to prove why ASUS should be liable for direct infringement based on theories of vicarious liability. And far from being misleading to the jury, this is how ASUS represents itself to members of the public outside of the courtroom.

In addition, ASUS's suggestion that SVV will somehow hide the existence of ASUS's subsidiaries or pretend they do not exist is a strawman. Nor is this argument logical—SVV's claims based on vicarious liability exist *precisely because* there are separate legal entities involved in committing acts of infringement. Rather than gloss over these distinctions, SVV intends to present evidence proving its theories of direct infringement *against ASUS* based on its

---

[2] *Compare* https://www.asus.com/about-asus/, *with* https://www.asus.com/us/about-asus.

relationship with these entities. SVV should not be prevented from presenting this evidence at trial simply because ASUS disagrees with SVV on these issues.

Finally, ASUS's MIL 2 additionally seeks to preclude SVV from "attributing sales to unnamed entities." Mot. at 4. SVV does not know what ASUS seeks to preclude with this statement. SVV has claims against ASUS, and the only entity that SVV would seek to "attibut[e] sales to" under those claims would be ASUS, a named party.

In all, the Court should deny ASUS's MIL 2.

### III.   The Court should deny ASUS's MIL 3 regarding Innography Reports

ASUS's MIL 3 should be denied. It seeks to exclude SVV's exhibits PTX-451 to PTX-484 and any testimony involving the same. The challenged exhibits are Innography patent ranking reports that were relied on by SVV's technical expert, Mr. Credelle, as a third-party reference to indicate the strength and objective indicia of non-obviousness of 1) the asserted SVV patents and 2) a handful of patents that SVV negotiated to receive in partial renumeration involving a licensing transaction. Mr. Credelle establishes the basis, history, reliability, and usefulness of the Innography data in his report. *See* Dkt. 67, Ex. 1, Credelle Report ¶¶ 109–113.

ASUS's argument is not the proper subject of a motion *in limine*. As ASUS admits, this MIL is an improper repeat of its *Daubert* motion against Mr. Credelle. Mot. at 6; Standing Order Governing Proceedings (OGP) 4.4—Patent Cases at 9 ("MILs that . . . are more appropriately [] *Daubert* motions are improper."). It should be denied on this basis alone.

ASUS's MIL 3 is also meritless because the data is not inadmissible hearsay. The Innography data falls under Federal Rule of Evidence 803(17) as a market report that is regularly relied on by the public or by persons in particular occupations. And even if it were otherwise inadmissible, which it is not, the probative value substantially outweighs any prejudice to ASUS, so Mr. Credelle can rely on it under Fed. R. Evid. 703.

Second, even if not used as direct evidence to establish the strength of the patents, the information would be admissible "for the limited purpose of informing the jury of the basis of [Mr. Credelle's] opinion"—as one basis for his opinion regarding the strength of the patents at issue and objective indicia of secondary considerations of non-obviousness of the same—"and not for proving the truth of the matter asserted." *See Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983) ("An expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion, but not as general proof of the truth of the underlying matter." (citation omitted)).

Further, Mr. Credelle established the source, history, relevance, reliability, and usefulness of Innography data in his report. *See* Dkt. 67, Ex. 1, Credelle Report ¶¶ 109–113.





██████████████████████████████ In this case, Innography is presented as objective third-party evidence, and it is the kind of evidence typically relied on by experts in the field. To the extent that ASUS challenges the credibility of the evidence to which Mr. Credelle cites, "the credibility of the underlying facts and data used by an expert is a matter of weight, rather than admissibility – and this is a question reserved for the jury." *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266301, at *10 (E.D. Tex. Nov. 15, 2018).

Further, as discussed above, Mr. Credelle sufficiently authenticated the documents when relying on them in his report. But even if that portion of his report is stricken, ASUS acknowledges that Dr. Vasylyev may be able to sponsor these exhibits. Mot. at 6. ASUS's only argument that Dr. Vasylyev would allegedly not be able to do so is that █████████████ ████████████████████████████████████ *Id*. Of course, ASUS does not explain why that allegedly means Dr. Vasylyev will not be able to lay a sufficient evidentiary foundation for the admission of the documents.

Finally, ASUS fails to *even argue* the documents are not relevant to secondary considerations of nonobviousness. *Compare* Mot. at 5–7, *with* Dkt. 67, Ex. 1, Credelle Report ¶¶ 109–111. Further, ASUS does not explain why the documents "introduce a high risk of juror prejudice and confusion." Mot. at 7. ASUS had a sufficient opportunity to examine and rebut the Innography data. SVV disclosed the Innography data during fact discovery. *See* Mot. at 5 ("SVV produced reports from Innography . . ."). The Innography data was cited in SVV's opening expert report on infringement, and ASUS's expert rendered his opinion on the Innography reports in ASUS's infringement rebuttal report. Thus, ASUS has been on notice of SVV's theories, and its own expert has provided rebuttal opinions to those theories. The jury will have an opportunity to fairly hear from both sides regarding the alleged strength of the asserted patents. ASUS has failed to carry its burden that PTX-451 to PTX-484 are "clearly

8

inadmissible on all potential grounds." *Noviello v. Holloway Funding Group*, No. 3:22-cv-52, 2023 WL 2195768, at *1 (N.D. Tex. Feb. 23, 2023).  ASUS's MIL 3 should be denied.

IV. **The Court should deny ASUS's MIL 4 on references to other SVV patents asserted against ASUS.**

ASUS argues that SVV should be precluded from referencing the patents that are asserted in the related matters but not asserted in the present case.  Mot. at 10.  During the course of trial, SVV has no intention of alleging infringement of any patents that are not asserted in the present case.  However, various documents on which SVV may rely contain incidental references to other patents.[7]  For example, SVV's notice letter to ASUS alleges infringement of SVV patents not asserted in the present case.  ASUS cites no reason why SVV should be precluded from using documents, such as its notice letter, that may contain references to non-asserted patents.  Moreover, mention of other of SVV's other patents may be necessary as it relates to the scope of prior licenses or SVV's company history.

For these reasons, the scope of ASUS's motion is overbroad.  There is no dispute that SVV will not argue infringement of any patents not asserted at trial, but precluding any and all reference to unasserted SVV patents is too broad and would lead to unnecessary complications at trial.  ASUS's MIL #4 should be denied.

---

[7] ASUS also argues that this MIL applies to attachments to the report of SVV's damages expert, Dr. Farber.  To the extent ASUS is arguing that these attachments must be *entirely* excluded from trial, that is wrong.  *See, e.g.*, Mot. at 8 ("That single report is no longer applicable if the Court, as SVV insists it should, conducts three trials.").  First, ASUS provided no basis for this proposition beyond an off-hand remark.  Second, while ASUS filed a motion to strike Dr. Farber's opinions, it never complained that his opinion is unreliable because it is formatted as a single report applicable to three cases.  *See* Dkt. 71.  Nonetheless, SVV will work with ASUS to agree on redactions to the portions of Dr. Farber's attachments that refer to cases other than the trial at which they will be used.

9

**V.     In place of ASUS's MIL 5, the Court should grant the following agreed MIL regarding copying.**

The parties have agreed to the following in order to moot ASUS's MIL 5:

SVV will not argue or present evidence that characterizes ASUSTeK's actions as "stealing," "copying," "pirating," "robbing," or other like pejorative terms. ASUSTeK will not suggest that "copying" is required to establish infringement. For the sake of clarity, nothing in this agreed motion *in limine* prohibits SVV from presenting evidence and arguments regarding its positions concerning notice, willfulness, its dealings with ASUSTeK, ASUSTeK's awareness of SVV, and ASUSTeK's awareness of the asserted patents.

SVV respectfully requests the Court grant this motion as agreed by the parties.

DATED: April 19, 2024									Respectfully submitted,

/s/ *Warren J. McCarty, III*
Warren J. McCarty, III

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley (admitted pro hac vice)
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist (admitted pro hac vice)
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert D. Katz
Texas Bar No. 24057936
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
SVV TECHNOLOGY INNOVATIONS INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on 19th day of April, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/ *Warren J. McCarty, III*
Warren J. McCarty, III