IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS INC. § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ASUSTEK COMPUTER INC. § <br> § <br> *Defendant.* § <br> § <br> § | Civil Action No. 6:22-cv-00311-ADA <br><br> **JURY DEMANDED** |

# JOINT PRETRIAL ORDER

Pursuant to the Court's Scheduling Order, the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff SVV Technology Innovations Inc. ("Plaintiff" or "SVV") and Defendant ASUSTeK Computer Inc. ("Defendant," "ASUSTeK" or "ASUS") (collectively, the "Parties") submit this Joint Pretrial Order. The Pretrial Conference is set for May 16, 2024 in Austin, Texas. Jury selection and trial are scheduled for June 17, 2024.

### I.      APPEARANCES OF COUNSEL

The parties' appearances of counsel are provided below and (in identical form) in accompanying **Exhibit A**.

  **A.      Attorneys for Plaintiff**

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com

1

Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley (admitted pro hac vice)
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist (admitted pro hac vice)
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert Katz
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

B.      **Attorneys for Defendant**

Jack Shaw
California Bar No. 309382
Robert H. Sloss *(Admitted Pro Hac Vice)*
California Bar No. 87757
**PROCOPIO CORY HARGREAVES**
**& SAVITCH LLP**
3000 El Camino Real Ste 5-400
Palo Alto, CA 94306
Telephone: (650) 645-9000
Facsimile: (650) 687-8300
Email: robert.sloss@procopio.com
Email: jack.shaw@procopio.com

Victor M. Felix *(Admitted Pro Hac Vice)*
California Bar No. 179622
**PROCOPIO CORY HARGREAVES**
**& SAVITCH LLP**
525 B Street, Suite 2200

San Diego, CA 92101
Telephone: (619) 238-1900
Facsimile: (619) 2350398
Email: victor.felix@procopio.com

Steven Maddox (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 421272
**PROCOPIO CORY HARGREAVES**
**& SAVITCH LLP**
1901 L. Street NW, Suite 620
Washington, D.C. 20036
Telephone: (202_ 830-0707
Email: steven.maddox@procopio.com

Craig D. Cherry
State Bar No. 24012419
Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
400 Austin Avenue, 9th Floor
Waco, TX 76701
Tel: (252) 732-2242
Email: CCherry@CJSJLAW.com
Email: msiegmund@cjsjlaw.com

II.     **STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the federal Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. For the purposes of this case, subject matter jurisdiction and personal jurisdiction are not disputed.

III.    **JOINT STATEMENT OF THE CASE**

The parties' joint statement of the case is provided below and (in identical form) in accompanying **Exhibit B**.

This is an action for patent infringement. Plaintiff SVV Technology Innovations accuses Defendant ASUSTeK Computer Inc. of infringing the following Asserted Claims:

- Claims 3, 8, and 14 of U.S. Pat. No. 8,290,318 ("the '318 Patent");

3

- Claims 1, 6, 9, 10, 11, 16, 18, 20, 21, 24, and 31 of U.S. Pat. No. 9,880,342 ("the '342 Patent");

- Claims 1, 2, 4, 7, 9, 10, and 19 of U.S. Pat. No. 10,439,089 ("the '089 Patent"); and

- Claims 1, 6, 7, 8, 13, 14, 15, and 18 of U.S. Pat. No. 10,627,562 ("the '562 Patent")

by making, using, selling, offering for sale, and/or importing into the United States certain computer monitors and display products ("Accused Products"). Plaintiff additionally alleges that Defendant's infringement is willful. Plaintiff seeks damages under 35 U.S.C. § 284 and a compulsory ongoing royalty, but by no means less than a reasonable royalty for Defendant's infringement, together with interests and costs, as well as attorneys' fees under 35 U.S.C. § 285. To the extent necessary, Plaintiff also seeks supplemental damages for any continuing post-verdict infringement.

ASUSTeK denies that it directly, indirectly, or willfully infringes the Asserted Patents, in part because it does not make, use, sell, import or offer for sale in the United States the Accused Products and that it is not the alter ego of the U.S. entity that sells the Accused Products in the United States. ASUSTeK contends that the Asserted Claims of the Asserted Patents are invalid, and contends that, in any event, no damages are due to Plaintiff, and that Plaintiff is not entitled to an ongoing royalty or supplemental damages.

## IV.   STIPULATIONS AND UNCONTESTED FACTS

1. SVV Technology Innovations Inc. is a California corporation with a place of business 1832 Tribute Road, Suite C, Sacramento, California 95815.

2. ASUSTeK Computer Inc. is a corporation organized and existing under the laws of Taiwan with an established place of business at No. 15, LiDe Rd., Beitou Dist., Taipei City 112, Taiwan, R.O.C.

3. The '318 Patent was issued on October 16, 2012 and is entitled "Light Trapping Optical Cover."

4. The '342 Patent was issued on January 30, 2018 and is entitled "Collimating Illumination Systems Employing Planar Waveguide."

5. The '089 Patent was issued on October 8, 2019 and is entitled "Light Converting System Employing Planar Light Trapping and Light Absorbing Structures."

6. The '562 Patent was issued on April 21, 2020 and is entitled "Illumination System Using Edge-Lit Waveguide and Microstructured Surfaces."

7. Sergiy Vasylyev is the named inventor of the '318, '342, '089, and '562 Patents.

8. SVV is the owner of all rights, title, and interest in and to the '318, '342, '089, and '562 Patents.

## V. CONTENTIONS OF THE PARTIES

The contentions of the parties are provided below and (in identical form) in accompanying **Exhibit C**.

### A. Plaintiff's Contentions

The contentions below do not include every detail underlying each contention. SVV Technology Innovations does not waive any of its pending motions, including any motions in *limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other already pending and future motions or objections it may file.

1. The '318 Patent was duly and legally issued by the United States Patent and Trademark Office on October 16, 2012.

2. For purposes of this action, SVV contends that the '318 Patent is entitled to a priority date of April 21, 2009, the filing date of U.S. Provisional Application Ser. No. 61/214,331.

3. The '342 Patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2018.

4. For purposes of this action, SVV contends that the '342 Patent is entitled to a priority date of April 21, 2009, the filing date of U.S. Provisional Application Ser. No. 61/214,331.

5. The '089 Patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2019.

6. For purposes of this action, SVV contends that the '089 Patent is entitled to a priority date of July 13, 2010, the filing date of U.S. Provisional Application Ser. No. 61/399,552.

7. The '562 Patent was duly and legally issued by the United States Patent and Trademark Office on April 21, 2020.

8. For purposes of this action, SVV contends that the '562 Patent is entitled to a priority date of April 21, 2009, the filing date of U.S. Provisional Application Ser. No. 61/214,331.

9. Defendant makes, uses, sells, offers for sale and imports certain products that include backlighting designs that are accused of infringing the Asserted Patents, (collectively the "Accused Products").

10. Defendant infringes Claims 3, 8, and 14 of the '318 Patent by importing, selling, and offering for sale the Accused Products in the United States.

11. Defendant infringes Claims 1, 6, 9, 10, 11, 16, 18, 20, 21, 24, and 31 of the '342 Patent by importing, selling, and offering for sale the Accused Products in the United States.

12. Defendant infringes Claims 1, 2, 4, 7, 9. 10, and 19 of the '089 Patent by importing, selling, and offering for sale the Accused Products in the United States.

13. Defendant infringes Claims 1, 6, 7, 8, 13, 14, 15, and 18 of the '562 Patent by importing, selling, and offering for sale the Accused Products in the United States.

14. Defendant also induces infringement of the above claims for actively inducing infringement, involving distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Products in the United States.

15. Defendant is also responsible for infringement by its subsidiaries according to principles of vicarious liability.

16. Defendant has failed to prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid as obvious over the prior art.

17. Defendant has failed to prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid under the requirements of 35 U.S.C. § 101, *et seq*.

18. Defendant's infringement has been and continues to be willful and Plaintiff is entitled to recover enhanced damages as a result.

19. At no point in time did Defendant redesign the Accused Products in an attempt to avoid infringement of the Asserted Patents.

20. Each of the asserted claims is not directed to patent-ineligible subject matter under 35 U.S.C. § 101.

21. Each of the asserted claims is not invalid as anticipated and/or obvious in view of the prior art under 35 U.S.C. §§ 102 and 103.

22. Each of the asserted claims is not invalid for failure to meet the written description and/or enablement requirements under 35 U.S.C. § 112.

23. Plaintiff contends that it complied with the obligations of 35 U.S.C. § 287 and it is entitled to recover damages for up to six years before the filing of this lawsuit.

24. Plaintiff contends that Defendant was first notified of their infringement of the Asserted Patents via a letter addressed to ASUSTeK that was delivered on February 19, 2021. Plaintiff further contends that ASUSTeK was aware of this notice letter no later than February 25, 2021 when it received the letter.

25. Defendant was notified of its infringement of the Asserted Patents by no later than February 25, 2021.

26. Plaintiff contends that, for indirect infringement, the commencement of damages in this case is the date of first indirect infringement of each patent-in-suit, which is February 25, 2021.

27. SVV has suffered damages in an amount to be determined at trial as a direct and proximate cause of Defendant's direct infringement and is entitled to an award of damages adequate to compensate it for Defendant's infringement.

28. SVV is entitled to an ongoing royalty and supplemental damages, as appropriate, for post-trial infringement involving the Accused Products.

29. SVV is also entitled to an award of interest, costs, attorneys' fees, and any other relief the Court deems equitable and just.

30. Defendant's infringement and conduct justifies finding this dispute an exceptional case.

**B.     Defendant's Contentions**

By providing these contentions, ASUSTeK does not concede that any of these issues are appropriate for trial (at all or to a jury).  In particular, ASUSTeK does not waive any of its pending or future filed motions, which if granted, would render some or all of these issues moot.

ASUSTeK's contentions in this case are detailed in part in its pleadings, discovery responses, expert reports, and ASUSTeK's motions, including but not limited to, its motion for summary judgment, *Daubert* motions, and motions *in limine*.  ASUSTeK incorporates by reference the expert reports of Dr. Keith Goossen and Dr. Zane Coleman as providing details regarding its contentions regarding non-infringement and invalidity, and the expert report of James Ferioli regarding any claimed damages.

1. ASUSTeK contends that it has not directly infringed any of the Asserted Claims of the Asserted Patents, either literally or under the doctrine of equivalents. ASUSTeK has not made, used, offered to sell, or sold the Accused Products within the United States or imported the Accused Products into the United States.  Additionally, the Accused Products do not infringe any Asserted Claim of the Asserted Patents. ASUSTeK contends that it has not indirectly infringed any of the Asserted Claims of the Asserted Patents because the allegedly induced acts do not constitute acts of direct infringement.[1]  ASUSTeK further contends that it lacks the requisite knowledge and intent to be liable for indirect infringement.

---

[1] Plaintiff has not alleged claims of contributory infringement.

9

2. ASUSTeK denies that any alleged infringement was willful. ASUSTeK contends that it did not know and was not willfully blind to the fact that the alleged acts constituted alleged patent infringement before learning of Plaintiff's patent infringement complaint in this case. ASUSTeK contends that Plaintiff cannot prove that ASUSTeK willfully infringed any Asserted Claim, as ASUSTeK did not and does not willfully infringe. ASUSTeK further contends that it lacks the requisite knowledge and intent to be liable for willful infringement.

3. If ASUSTeK is found to infringe any valid Asserted Claim, ASUSTeK contends that Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, that this case is not exceptional, and that Plaintiff is not entitled to any fees under 35 U.S.C. § 285.

4. ASUSTeK contends that its subsidiary ASUS Computer International did not act as its alter ego or agent and that there is no triable case of infringement based on a piercing-the-corporate-veil theory.

5. ASUSTeK contends that the Asserted Claims of the Asserted Patents are invalid for being anticipated and/or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103.

6. ASUSTeK contends that Plaintiff's conduct bringing and/or maintaining this patent infringement case justifies finding this dispute an exceptional case, and ASUSTeK is entitled to its costs, expenses, and reasonable attorney fees.

7. ASUSTeK contends that Plaintiff is not entitled to any damages whatsoever.

8. ASUSTeK contends that Plaintiff is not entitled to any injunction.

9. Should any of the Asserted Claims be determined not invalid and infringed, ASUSTeK contends that Plaintiff' damages calculations are inflated, inaccurate, and unsupported by the evidence. In particular, Plaintiff has proffered a legally flawed damages model, including grossly inflated royalty rates, without any explanation as to how the evidence, applied in connection with a *Georgia-Pacific* analysis, supports its model.

10. Should any of the Asserted Claims be determined not invalid and infringed, ASUSTeK contends that Plaintiff' damages, if any, are limited to a fully-paid-up lump sum reflective of the economic benefit, if any, that ASUSTeK purportedly receives from its alleged infringement of any of the Asserted Patents.

11. ASUSTeK contends that Plaintiff is not entitled to any supplemental damages, any accounting for damages or attorney fees, expenses, or costs.

## VI.   MEMORANDA ON DISPUTED ISSUES OF LAW

The parties have disputed issues of law and/or fact regarding infringement, vicarious liability, invalidity, willfulness, and the exceptional nature of this case; however, the parties agree that these are not unique issues of law and fact that require memoranda to the Court at this time, other than the papers already presented to the Court.

## VII.  EXHIBITS

SVV's Exhibit List is attached as Exhibit P-1. ASUSTeK's Exhibit List is attached as Exhibit D-1.  The parties are conferring regarding submitting a Joint Exhibit List for which no objections will be outstanding prior to the Pretrial Conference and will update as necessary thereafter.  The parties have further agreed to wait to exchange stickered copies of the exhibits until the Joint Exhibit List has been prepared.

## VIII. WITNESSES

SVV's witness list for the jury trial is attached as Exhibit P-2. ASUSTeK's witness list for the jury trial is attached as Exhibit D-2.

## IX. DEPOSITION DESIGNATIONS

SVV's deposition designations, with ASUSTeK's objections and counter-designations, are attached as Exhibit P-3. ASUSTeK's deposition designations, with SVV's objections and counter-designations, are attached as Exhibit D-3.

## X. DISCOVERY DESIGNATIONS

SVV's discovery designations, with ASUSTeK's objections, are attached as Exhibit P-4. ASUSTeK's discovery designations, with SVV's objections, are attached as Exhibit D-4.

## XI. JURY CHARGE

The parties' joint and disputed proposed jury charge is attached as Exhibit J-1.

## XII. PROPOSED JUROR QUESTIONAIRE & VOIR DIRE QUESTIONS

The parties' joint proposed voir dire questions are attached as Exhibit J-2. SVV proposes the Court use the juror questionnaire attached as Exhibit P-5. ASUSTeK is not submitting a counter-juror questionnaire because the Court does not require and has not requested a juror questionnaire.

## XIII. VERDICT FORM

The parties' competing proposed verdict forms are attached as Exhibits P-6 and D-5.

## XIV. LIST OF PENDING MOTIONS

The following motions remain pending:

| No. | PENDING MOTIONS | ECF Nos. |
|---|---|---|
| | **SVV's Pending Substantive Motions** | |
| 1. | Plaintiff's Motion to Exclude Certain Opinions of James Ferioli. | 68, 89 |

| No. | PENDING MOTIONS | ECF Nos. |
|---|---|---|
| 2. | Plaintiff's Motion to Exclude Certain Opinions of Keith Goossen and Motion for Partial Summary Judgment | 69, 88, 97 |
| 3. | Plaintiff's Motion to Strike New Previously Undisclosed Invalidity Theories in the Expert Report of Dr. Coleman and Motion for Partial Summary Judgment | 73, 83, 98 |
| 4. | Plaintiff's Motion for Partial Summary Judgment to Exclude Certain Prior Art References | 74, 85, 96 |
| | **ASUSTeK's Pending Substantive Motions** | |
| 5. | Defendant's Motion to Exclude and Motion to Strike Opinions of Thomas Credelle | 67, 87, 92 |
| 6. | Defendant's Motion to Exclude and Motion to Strike Opinions of Matthew Farber | 71, 86, 93 |
| 7. | Defendant's Motion for Summary Judgment of Non-Infringement and No Willful Infringement | 72, 84, 94 |

Three procedural motions remain unresolved:

The first unresolved motion is ASUSTeK's and Acer Inc.'s motion seeking to consolidate their cases with related cases filed by SVV against Micro-Star International, for all pre-trial purposes. *See* Dkt. 50. This motion is moot because this case has reached its pretrial conference, and SVV and Micro-Star International have settled their dispute.

The second unresolved motion is ASUSTeK's Motion for Leave to amend final invalidity contentions. The relevant briefing can be found at Dkt. 53 (Motion), Dkt. 54 (SVV Opposition), and Dkt. 55 (ASUSTeK Reply).

The third unresolved motion is ASUTeK's Motion to Consolidate cases for trial. The relevant briefing can be found at Dkt. 62 (Motion), Dkt. 63 (SVV Opposition), and Dkt. 65 (ASUSTeK Reply).

## XV. DISPUTED MOTIONS IN LIMINE

The parties filed their motions *in limine* on April 12, 2024 at Dkt. Nos. 128 (SVV) and 127 (ASUSTeK). The parties filed their oppositions on April 19, 2024 at Dkt. Nos. 130 (ASUSTeK's Opposition to SVV's MILs) and 131 (SVV's Oppositions to ASUSTeK's MILs). SVV filed

13

replies in support on April 26, 2024 at Dkt. No. 135.  Copies of each parties' motions *in limine* are attached as Exhibits P-7 (SVV) and D-6 (ASUSTeK), respectively.  Pursuant to the dates outlined in the pending scheduling order, the parties will meet and confer once they've had an opportunity to review the oppositions and note any compromises to the Court prior to the final pretrial conference.

### XVI. LENGTH OF TRIAL

**The parties agree to the following procedures for trial management:**

The trial in this case is scheduled to begin at 9:00 am on Monday, June 17, 2024, with subsequent trial days beginning at 8:30 am.  SVV requests a five-day jury trial with 22 hours of total presentation allocated as 11 hours per side.[2]  SVV further requests that the Court additionally allocate: (1) 30 minutes per side for opening statements, and (2) 45 minutes per side for closing arguments.

Regarding the number of Asserted Claims, the parties are scheduled to mutually narrow asserted claims and prior art for the single action that will be tried on the June 17, 2024 trial setting. The mutual narrowing is set to occur on May 30, 2024 (claims) and June 6, 2024 (prior art).

### XVII. STIPULATION FOR TRIAL MANAGEMENT PROCEDURES

**The parties agree to the following procedures for trial management:**

**Demonstratives**

The parties will exchange by email copies of all documentary, graphic, slide, animation, and any other form of Demonstratives they plan to use at trial for use during opening or direct examination—but not for cross-examination—and an identification of witnesses each such Demonstrative will be used with on direct examination, by 7:30 p.m. the night before their intended

---

[2] This time is not inclusive of opening or closing statements, or any bench trial of issues to be decided by the Court instead of a jury.

use.  In other words, if a Demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:30 p.m. on Tuesday.  The parties shall exchange objections to these Demonstratives by 8:30 p.m. on the day the Demonstratives are received.  The parties will begin to meet and confer by 9:00 p.m. to attempt to resolve any objections or other issues relating to the disclosed Demonstratives.  If any disputes remain following this conference, the parties shall apprise the Court, with a short description of any disputes and attaching the disputed documents, by email at 10:30 p.m.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

For purposes of this agreement, **"Demonstratives"** are exhibits specifically created for the purpose of the trial and *do not include* (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or (3) demonstratives previously displayed in the course of the trial.  Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

Demonstratives for direct examination or opening must be cleared of any outstanding objections before being shown to the jury or otherwise allowed by the Court.

With respect to both Demonstratives to be used on direct examination of a witness and opening Demonstratives, parties are to provide color demonstratives natively or by other electronic means such that animations and builds are readily ascertainable.

**Physical Exhibits and Demonstratives**

The parties will make available for inspection physical exhibits (including any to be used in live product demonstrations) they plan to use at trial for use during direct examination or opening—but not for cross-examination—by 7:30 p.m. one night before their intended use.  In

other words, if a physical exhibit will be used on a Wednesday, it must be exchanged or made available by 7:30 p.m. on Tuesday. The parties shall exchange objections to these physical exhibits by 8:30 p.m. the day such disclosures are made. The parties will meet and confer by 9:00 p.m. to attempt to resolve any objections or other issues relating to these physical exhibits. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30 p.m. email. Materials exchanged or made available under this paragraph will not be used by the opposing party prior to being used by the disclosing party.

**Exhibits**

The parties will exchange by email lists of exhibits they intend to use during direct examination by 7:30 p.m. the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direct examination or by deposition designation. The parties' disclosures will reflect a good faith estimate of the exhibits that will be used with a particular witness and all efforts will be made to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used. The parties shall exchange objections to these exhibits, by 8:30 p.m. on the day the lists are received. The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any objections or other issues relating to the disclosed exhibits. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30pm email.

Each party may use an exhibit that is listed on an opposing party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to any applicable evidentiary objections, and provided that the disclosure requirements discussed above are followed.

If a party removes an exhibit from its exhibit list, it will notify the opposing party in the service email of the amended exhibit list. The opposing party may add the withdrawn exhibit to its own exhibit list.

The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the exhibit. Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party in accordance the Federal Rules and the Court's procedures.

**Witnesses**

The parties will identify by email witnesses to be called live (in the order of call) and by deposition at 7:30 p.m., two days in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:30 p.m. on Monday. If the opposing party has any objections to disclosed witnesses, the party shall provide such objections by 8:30 p.m. on the day the list is received. The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any disputes relating to disclosed witnesses. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30 pm email that evening.

**Deposition Testimony**

For deposition designations, the parties will provide a list of any deposition designations to be read or played by 7:30 pm two days before the designation is to be read or played. The parties' disclosures will reflect a good faith estimate of the designations they actually intend to read or play in two days' time, and all efforts will be made to streamline disclosures such that they do not include excessive designations that do not ultimately get used. Counters and objections to

the 7:30 pm designations are due by 8:30 pm the same evening. Any objections to the counter-designations must be exchanged prior to 9:00 p.m. The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any disputes regarding deposition designations, and any unresolved objections will be raised with the Court in that night's 10:30 p.m. email. Any party that seeks to play deposition testimony must also provide the opposing party by 7:30 p.m. one day before the deposition testimony is to be played, a workable copy of the actual recordings to be played, including all designations and counter-designations.

The parties further agree to remove counsel's objections or any discussion between counsel from any deposition designations or video clips that are to be read or shown to the jury. The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. The deposition designations and counter-designations shall be played in the order in which they appear in the transcript. The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. If played, such time shall be measured by the amount of time of each party's designations. If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.

For the sake of clarity, on cross-examination, transcripts of deposition testimony may be used to impeach a witness, regardless of whether it was previously designated by the parties.

### **Closing**

The parties agree to exchange binders containing a printed copy of any slides to be used during a party's closing argument immediately prior to giving its closing argument. To the extent a particular slide is not used in a party's closing, the other party may not use that slide.

Dated: May 1, 2024

Respectfully submitted,

/s/ Jack Shaw
Jack Shaw
California Bar No. 309382
Robert H. Sloss *(Admitted Pro Hac Vice)*
California Bar No. 87757
**PROCOPIO CORY HARGREAVES
& SAVITCH LLP**
3000 El Camino Real Ste 5-400
Palo Alto, CA 94306
Telephone: (650) 645-9000
Facsimile: (650) 687-8300
Email: robert.sloss@procopio.com
Email: jack.shaw@procopio.com

Victor M. Felix *(Admitted Pro Hac Vice)*
California Bar No. 179622
**PROCOPIO CORY HARGREAVES
& SAVITCH LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 238-1900
Facsimile: (619) 2350398
Email: victor.felix@procopio.com

Steven Maddox (Admitted Pro Hac Vice)
District of Columbia Bar No. 421272
**PROCOPIO CORY HARGREAVES
& SAVITCH LLP**
1901 L. Street NW, Suite 620
Washington, D.C. 20036
Telephone: (202_ 830-0707
Email: steven.maddox@procopio.com

Craig D. Cherry
State Bar No. 24012419
Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
400 Austin Avenue, 9th Floor
Waco, TX 76701
Tel: (252) 732-2242
Email: ccherry@cjsjlaw.com
Email: msiegmund@cjsjlaw.com

**ATTORNEYS FOR DEFENDANT
ASUSTEK COMPUTER INC.**

/s/ Warren J. McCarty, III
Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley (admitted pro hac vice)
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist (admitted pro hac vice)
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert Katz
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
TECHNOLOGY INNOVATIONS INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

*/s/ Warren J. McCarty, III*
Warren J. McCarty, III