IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS INC.<br><br>*Plaintiff*,<br><br>v.<br><br>ASUSTEK COMPUTER INC.<br><br>*Defendant*. | Civil Action No. 6:22-cv-00311-ADA<br><br>JURY DEMANDED |

**PLAINTIFF SVV TECHNOLOGY INNOVATIONS INC.'S**
**MOTION FOR SUPPLEMENTAL DAMAGES AND ONGOING ROYALTIES**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1
II.  ARGUMENT .................................................................................................................. 1
   A.  SVV is entitled to supplemental damages at a rate of $5.34 per unit through the date of the Final Judgment. ................................................................................. 1
   B.  SVV is entitled to an ongoing royalty at a rate of $5.34 per unit. ...................... 4
III. CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*
  694 F.3d 1312 (Fed. Cir. 2012) ............................................................................................ 5, 6

*Amado v. Microsoft Corp.*
  517 F.3d 1353 (Fed. Cir. 2008) ................................................................................................. 5

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*
  72 F.3d 872 (Fed. Cir. 1995) .................................................................................................. 2, 5

*Cioffi v. Google, Inc.*
  No. 2:13-CV-103, 2017 WL 4011143 (E.D. Tex. Sept. 12, 2017) ............................................ 5

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*
  No. 2:15-CV-1202-WCB, 2017 WL 3034655 (E.D. Tex. July 18, 2017) .............................. 2, 5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*
  582 F.3d 1288 (Fed. Cir. 2009) ............................................................................................. 2, 4

*Genband US LLC v Metaswitch Networks Corp.*
  No. 2:14-CV-00033-JRG, 2018 WL 11357619 (E.D. Tex. Mar. 22, 2018) ............................... 5

*Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*
  No. 6:20-CV-00018-ADA, 2023 WL 2415281 (W.D. Tex. Mar. 8, 2023) ..................... 1, 4, 5, 6

*Nat'l Instruments Corp. v. Mathworks, Inc.*
  No. CIV.A.2:01-CV-11-TJW, 2003 WL 24049230 (E.D. Tex. June 23, 2003) .......................... 2

*NCS Multistage Inc. v. Nine Energy Serv., Inc.*
  No. 6:20-CV-00277-ADA, 2023 WL 149071 (W.D. Tex. Jan. 9, 2023) .................................... 3

*NCS Multistage Inc., et al. v. Nine Energy Serv., Inc.*
  No. 6:20-cv-277-ADA, ECF No. 305 (Redacted Order), slip op. (W.D. Tex. Feb. 1, 2023) ...... 6

*Paice LLC v. Toyota Motor Corp.*
  504 F.3d 1293 (Fed. Cir. 2007) ............................................................................................ 5, 6

*XY, LLC v. Trans Ova Genetics*
  890 F.3d 1282 (Fed. Cir. 2018) ................................................................................................. 6

**Statutes**

35 U.S.C. 284 ................................................................................................................................. 1

I.  INTRODUCTION

On October 15, 2024, the Court entered Final Judgment (ECF No. 208), which, *inter alia*, entered the jury's verdict, awarded SVV Technology Innovations Inc. ("SVV") pre-judgment and post-judgment interest, and declared SVV to be the prevailing party in this matter. SVV now moves for supplemental damages in the amount of $161,915 to fully compensate SVV for ASUSTeK Computer Inc.'s ("ASUS") infringement through the date of the Court's Final Judgment; and (2) to award SVV an ongoing royalty at the rate of $5.34 for ASUS's continued infringement through the expiration of the Asserted Patents. SVV understands that ASUS opposes this motion.

II.  ARGUMENT

### A. SVV is entitled to supplemental damages at a rate of $5.34 per unit through the date of the Final Judgment.

This case was tried to a jury, and the jury returned a verdict of infringement on all asserted claims and found invalidity of no asserted claims. The jury also awarded SVV a royalty of $22,434,055 on about 4.2 million accused units, which represented the units sold by ASUS spanning from the date of first infringement through September 23, 2024. SVV thus requests that the Court award supplemental past damages extending from September 24, 2024 through the date of the Court's Final Judgment, October 15, 2024.

Section 284 of Title 35 provides that "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." "When the damages are not found by a jury, the court *shall* assess them." *Id.* (emphasis added); *see also Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *20 (W.D. Tex. Mar. 8, 2023) (awarding supplemental

damages for the period between the jury verdict and final judgment); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3034655, at *1 (E.D. Tex. July 18, 2017) (Bryson, J.) ("At the outset, it is clear to the Court that UroPep *is entitled to be compensated* for infringement occurring between the cut-off date for its calculation of damages, April 16, 2017, and the expiration date of the '124 patent, July 9, 2017." (emphasis added) (citation omitted)). Indeed, "[a] damages award for pre-verdict sales of the infringing product does not fully compensate the patentee because it fails to account for post-verdict sales . . . ." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed. Cir. 2009) (citing *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 882 (Fed. Cir. 1995)). Absent an award of supplemental damages, the infringer may receive a "windfall," permitted "to infringe without compensating the patentee for the period of time between the jury's verdict and the judgment." *Nat'l Instruments Corp. v. Mathworks, Inc.*, No. CIV.A.2:01-CV-11-TJW, 2003 WL 24049230, at *4 (E.D. Tex. June 23, 2003), *aff'd*, 113 F. App'x 895 (Fed. Cir. 2004).

The parties' damages experts largely agreed on the accused unit count at trial. Specifically, Dr. Farber testified that ASUS had sold 4,199,168 or about 4.2 million units through the first day of trial. Trial Tr. Vol. 2 (Farber Direct) 467:19–468:5 ("Q. Okay. And then how did you get from your reasonable royalty per unit to your royalty opinion in this matter? A. I multiplied the per-unit royalty by the number of units sold and got to my reasonable royalty. So each unit would be $13.96 paid to SVV. ASUSTeK has sold 4,199,168 units through trial."); 426:1–5 ("Q. What have you learned about the infringing monitors during your investigation into this case? A. ASUS has sold 91 infringing models for almost 4.2 million infringing units . . . ."); 422:21–25 ("ASUS has sold approximately 4.2 million units"). Dr. Farber's unit count included projected sales through September 23, 2024—the first day of trial. *Id.* at 468:9–13 ("Q. Now, the

number of sold units, that came from the data that we discussed what seems like a long time ago now; is that right? A. Yes. That data went through August 2024. So I projected from September 1st through yesterday.").

At trial, like Dr. Farber, Mr. Ferioli repeatedly referred to 4.2 million units at issue. *See, e.g.*, Trial Tr. Vol. 3 (Ferioli Direct) at 757:8–10 ("Q. All right. And, Mr. Ferioli, how many units are at issue in this case? A. 4.2 million."); *id.* at 733:18–734:5 ("Now, ASUS, which you see on the right, has only sold 4.2 million accused products from January 30th, 2018, through August 31st, 2024, which is the term of the hypothetical license."). The only precise number of units presented to the jury, however, was Dr. Farber's 4,199,168 count of accused units.[1]

With the base at Dr. Farber's 4,199,168 units, more simple math reveals the royalty rate. *See NCS Multistage Inc. v. Nine Energy Serv., Inc.*, No. 6:20-CV-00277-ADA, 2023 WL 149071, at *2 (W.D. Tex. Jan. 9, 2023). The jury's implied rate is $5.34 per unit. Ex. A (Farber Declaration) ¶ 7. In order to account for sales since trial, Dr. Farber projected units from September 24, 2024, his damages cutoff at trial, through October 15, 2024, the date of entry of the judgment—using the same projection methodology he used to create the original royalty base presented at trial. That amounted to 30,307 units. *Id.* ¶ 6. SVV requests that the jury's implied

---

[1] To be sure, at trial, Mr. Ferioli also stated that his calculations accounted for sales only through August 31, 2024. But he offered ***no precise unit number*** to the jury, referencing only 4.2 million units generally. ASUS and Mr. Ferioli admitted ***no exhibits*** with precise unit information. Nor did Mr. Ferioli criticize Dr. Farber's precise unit number. In fact, he ***agreed*** that Dr. Farber's projections were not unusual but "simple math." Trial Tr. Vol. 3 (Ferioli Cross) at 780:12–780:22 ("Q. And you understand Dr. Farber had the capacity and did project sales through the beginning of trial, right? A. Yes. He did. Q. And that's not unusual? A. No. It's not. Q. And there was nothing stopping you from doing the same, right? A. Right. There wasn't. Q. Simple math? A. Right."). The only precise unit number in the trial record is that provided by Dr. Farber, 4,199,168 units, and Mr. Ferioli did not quantify with specificity another number for the jury to have relied upon.

rate—$5.34—be imposed on these units. At the jury's implied rate, that yields $161,915 in supplemental damages. Ex. A (Farber Declaration) ¶ 8.

SVV thus respectfully requests that the Court's judgment be amended to reflect $161,915 in supplemental damages. SVV also requests that the judgment be amended to reflect this award and pre- and post-judgment interest on the total sum of prejudgment damages as well. *See Jiaxing Super Lighting*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *21 (agreeing that prejudgment and post-judgment interest "should be awarded" on supplemental damages award). In support of the initial Final Judgment, Dr. Farber provided a detailed interest calculation, which provided the prejudgment interest number in the parties' joint proposed final judgment. Dr. Farber has updated his prejudgment interest calculation to account for supplemental damages and the date of the final judgment. Ex. A (Farber Declaration) ¶ 11. SVV requests that the Court update the judgment to reflect this updated calculation.

**B. SVV is entitled to an ongoing royalty at a rate of $5.34 per unit.**

SVV further requests that the Court award it an ongoing royalty at a rate of $5.34 for ASUS's continued infringement.

The Court's Final Judgment, which was agreed by the parties, acknowledges that the damages award is limited to the infringement "found by the jury," and the jury was not asked to decide damages for future infringement. The jury's verdict did not compensate SVV for ASUS's future infringement, and there is no indication otherwise. *See, e.g.*, Trial Tr. Vol. 3 (Ferioli Direct) 743:25–744:8 (calculating damages "through August 31, 2024"); 733:25–743:3 ("Now, ASUS, which you see on the right, has only sold 4.2 million accused products from January 30th, 2018, through August 31st, 2024, which is the term of the hypothetical license.").

"A damages award for pre-verdict sales of the infringing product does not fully compensate the patentee because it fails to account for post-verdict sales . . . ." *Fresenius*, 582

4

F.3d at 1303 (citing *Carborundum*, 72 F.3d at 882. Where, as here, the jury's award "was intended to compensate Plaintiff[] only for *past* infringement," an award of an ongoing royalty is fitting. *Cioffi v. Google, Inc.*, No. 2:13-CV-103, 2017 WL 4011143, at *4 (E.D. Tex. Sept. 12, 2017) (collecting cases); *see also Jiaxing Super Lighting*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *20 ("Courts have routinely awarded damages in circumstances such as these, and there is no good reason to proceed otherwise here." (collecting cases)); *see also UroPep*, No. 2:15-CV-1202-WCB, 2017 WL 3034655, at *2 (Bryson, J.) ("[I]t would be improper for the Court first to conclude that the damages awarded by the jury do not cover the post-verdict period, but then to rule that UroPep is not entitled to any relief for that period.").

The Court may depart from the jury's implied royalty rate when setting a rate for ongoing royalties, as "[t]here is a fundamental difference . . . between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement," *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361 (Fed. Cir. 2008) (citing *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1317 (Fed. Cir. 2007)). Nevertheless, "courts have uniformly held that the starting point for the . . . analysis of the ongoing royalty rate is the royalty rate found by the jury for the pre-verdict infringement period." *Uropep*, No. 2:15-CV-1202-WCB, 2017 WL 3034655, at *7. Post-judgment changed circumstances are assessed under the *Georgia-Pacific*-factor rubric, focusing on evidence that was not before the jury. *Genband*, No. 2:14-CV-00033-JRG, 2018 WL 11357619, at *19 (E.D. Tex. Mar. 22, 2018). Courts should consider "additional evidence of changes in the parties' bargaining positions and other economic circumstances that may be of value" when setting an ongoing royalty. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1343 (Fed. Cir. 2012). To the extent the post-judgment ongoing royalty rate departs from the jury's implied rate, "[t]he focus should" be on SVV's "improved bargaining position and any other

5

changed economic factors," not SVV's "past acts." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1298 (Fed. Cir. 2018); *see also ActiveVideo,* 694 F.3d at 1343; *Paice*, 504 F.3d at 1315.

The Federal Circuit has recognized that, "[w]hen patent claims are held to be not invalid and infringed, this amounts to a "substantial shift in the bargaining position of the parties." *XY*, 890 F.3d at 1297 (quoting *ActiveVideo*, 694 F.3d at 1342). To be sure, the patents are now conclusively determined to be both infringed by ASUS's products and not invalid, and, it would be within the Court's discretion to set the post-verdict rate higher, in reflection of SVV's bolstered bargaining position. *See NCS Multistage Inc., et al. v. Nine Energy Serv., Inc.*, No. 6:20-cv-277-ADA, ECF No. 305 (Redacted Order), slip op. at 6 (W.D. Tex. Feb. 1, 2023) (awarding higher royalty than jury's implied rate "[b]ecause a patentee has increased bargaining power after a jury verdict in its favor"). But at a minimum, the Court should defer to the jury's decision as the fact finder and at least award the jury's implied rate. *See Jiaxing Super Lighting*, No. 6:20-CV-00018-ADA, 2023 WL 2415281, at *22 (declining to adopt a rule that Plaintiff must "present a new Georgia-Pacific analysis on the ongoing royalty").

Accordingly, SVV asks that the Court impose an ongoing royalty of $5.34 until the date of expiration of the Asserted Patents. To assist in the administration of the ongoing royalty, SVV also requests that the Court impose on ASUS a quarterly reporting requirement, submitting to SVV by the 15th day of the month after the conclusion of each quarter the total sold infringing units of the previous calendar quarter.

### III.   CONCLUSION

For the foregoing reasons, SVV respectfully requests that the Court amend its judgment to reflect:

(1) supplemental damages of $161,915 for ASUS's infringement through the date of the Court's Final Judgment;

(2)  pre-judgment and post-judgment interest on the supplemental damages award; and

(3)  an ongoing royalty at the rate of $5.34 for ongoing and future infringement with ASUS reporting to SVV on a quarterly basis (by the 15th day of the month after the conclusion of each quarter) the total sold infringing units in the previous calendar month.

DATED: November 12, 2024                    Respectfully submitted,

/s/ *Warren J. McCarty, III*
Warren J. McCarty, III

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert D. Katz
Texas Bar No. 24057936
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
SVV TECHNOLOGY INNOVATIONS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

                                                   /s/ *Warren J. McCarty, III*
                                                   Warren J. McCarty, III

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 11, 2024, Plaintiff's counsel sought Defendant's position on Plaintiff's Motion for Supplemental Damages and Ongoing Royalties. On November 11, 2024, Defendant confirmed it opposes Plaintiff's request.

                                                 /s/ *Warren J. McCarty, III*
                                                   Warren J. McCarty, III