**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS INC., | § § § | |
| *Plaintiff,* | § § | Civil Action No.  6:22-cv-00311-ADA |
| v. | § § | JURY DEMANDED |
| ASUSTEK COMPUTER INC., | § § § | ▬▬▬▬▬▬▬▬ |
| *Defendant.* | § | |

**PLAINTIFF SVV TECHNOLOGY INNOVATIONS INC.'S REPLY IN SUPPORT OF
<u>MOTION FOR SUPPLEMENTAL DAMAGES AND ONGOING ROYALTIES</u>**

## **TABLE OF CONTENTS**

I.    THE EVIDENCE SUPPORTS AN AWARD OF SUPPLEMENTAL DAMAGES
      AND AN ONGOING ROYALTY. ................................................................................ 1

      A.  The Facts Set Forth In SVV's Motion Are Nearly Entirely Undisputed. ...................... 1

      B.  ASUS Identifies No Evidence That Would Have Allowed The Jury To
          Calculate Or Award Future Damages.............................................................................. 2

II.   THE VERDICT FORM AND JURY INSTRUCTIONS SUPPORT AN
      AWARD OF SUPPLEMENTAL DAMAGES AND AN ONGOING ROYALTY. ................. 4

      A.  SVV Did Not Create Ambiguity On The Verdict Form; SVV Prevented ASUS
          From Confusing The Jury. ............................................................................................ 5

III.  CONCLUSION.................................................................................................................... 8

i

## TABLE OF AUTHORITIES

**Cases**

*Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.,*
 394 F.3d 1368 (Fed. Cir. 2005) ...................................................................................... 3

*Invitrogen Corp. v. Biocrest Mfg., L.P.,*
 No. A-01-CA-167-SS, 2006 WL 8435710 (W.D. Tex. Oct. 31, 2006) ....................................... 3

*Prism Techs. LLC v. Sprint Spectrum L.P.,*
 849 F.3d 1360 (Fed. Cir. 2017) ...................................................................................... 4

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.,*
 802 F.3d 1283 (Fed. Cir. 2015) ...................................................................................... 4

*Unisplay, S.A. v. Am. Elec. Sign Co., Inc.,*
 69 F.3d 512 (Fed. Cir. 1995) .......................................................................................... 3

SVV made a routine request for supplemental damages and an ongoing royalty that should have been unopposed—the material facts are undisputed.  ECF No. 220 ("Motion" or "Mot.").  Chief among them is the incontrovertible fact that *neither damages expert presented a damages theory compensating for post-trial infringement*.  Rather than engaging with the merits SVV presented, ASUS simply wants to avoid paying for its ongoing, willful infringement.  ASUS claims the verdict form was ambiguous—and ASUS should be awarded the windfall of having to pay no post-verdict compensation for its ongoing, willful infringement—based on a mid-trial objection that was resolved *in SVV's favor by agreement* (which otherwise prevented ASUS from attempting to confuse the jury).  ASUS's argument that its own attempted improper actions prove that it is absolved from paying for its ongoing willful infringement is another independent basis to enhance damages in this case.  Accordingly, SVV respectfully requests that the Court grant SVV's Motion for Supplemental Damages and Ongoing Royalties.

## I.    THE EVIDENCE SUPPORTS AN AWARD OF SUPPLEMENTAL DAMAGES AND AN ONGOING ROYALTY.

### A.  The Facts Set Forth In SVV's Motion Are Nearly Entirely Undisputed.

In Response, ASUS failed to dispute nearly all of the material facts in SVV's Motion.  ASUS did not dispute the fact that the damages calculations of Dr. Farber, SVV's damages expert, were limited to a royalty base comprising sales through the trial date, September 23, 2024.  *Compare* Mot. at 2–3, *with* ECF No. 230 ("Resp.").  ASUS did not dispute the fact that the damages calculations of its own damages expert, Mr. Ferioli, were limited to a royalty base comprising sales stopping even earlier, on August 31, 2024.[1]  ASUS did not dispute that the

---

[1] *Compare* Mot. at n.1, *with* Resp.; *see also* Trial Tr. 743:11–744:9.  While ASUS technically contends that "ASUS's expert proposed a **lump sum** award based on SVV's real-world licensing practices" (emphasis added), a review of the transcript ASUS cites for this proposition is clear on its face that Mr. Ferioli actually proposed a "lump sum through trial of $425,158"—which

amount of units at issue presented to the jury by both experts were meaningfully identical at either 4,199,168 or 4.2 million units. *Compare* Mot. at 2–3, *with* Resp. ASUS did not dispute the math of how SVV calculated the jury's implied royalty rate. *Compare* Mot. at 2–3, *with* Resp. ASUS did not dispute Dr. Farber's unit sales projections related to supplemental damages or his calculations comprising the requested supplemental damages amount. *Compare* Mot. at 3–4, *with* Resp. ASUS did not oppose SVV's request that, should the Court award supplemental damages, that the amount be added to the judgement for purposes of pre- and post-judgment interest. *Compare* Mot. at 4, *with* Resp. ASUS did not dispute the starting point for the ongoing royalty nor the fact that consideration of the parties' current bargaining position counsels towards increasing the jury's rate. *Compare* Mot. at 4-6, *with* Resp. Instead, ASUS simply does not want to pay for its ongoing, willful infringement.

### B. ASUS Identifies No Evidence That Would Have Allowed The Jury To Calculate Or Award Future Damages.

ASUS contends that the evidence supports the idea that the jury intended to award future compensation because the "ONLY real-world licenses presented to the jury were paid-up, lump sum agreements." Resp. at 3 (capitalized emphasis in original). While it is true that this particular type of evidence reflected lump sum payments, ASUS's own expert was the only expert to rely on these licenses, and he opined that the proper interpretation of these licenses supported merely a "lump sum through trial"—*i.e.*, that the SVV-Samsung license did *not* support an award of future compensation. *See* Resp. at 3–4 (describing how Mr. Ferioli converted via "adjustments" the fully paid up Samsung license to a per-unit revenue percentage by considering Samsung's estimated future sales and past sales); Trial Tr. at 733:3–743:18

---

categorically *excludes* any future compensation to SVV post-verdict because it is limited to the time period of "through trial." Resp. at 3 (citing Trial Tr. at 760:7–12); Trial Tr. at 760:10–12.

(same); Trial Tr. at 743:11–744:12 (Mr. Ferioli explaining how the per-unit revenue percentage from the Samsung license is applied to the royalty base only through August 31, 2024); Trial Tr. at 435:19–444:20 (Dr. Farber opining that the SVV licenses were non-comparable and not a good basis for using to award damages in this case); *see also infra* § II.A.  It is plainly improper for ASUS to argue that evidence limited to past damages that it presented to the jury—to support a calculation showing damages should be awarded *only through trial*—now means that the jury must have ignored that evidence to silently award *post-verdict* compensation.

The only other evidence ASUS identifies to support the idea that the jury intended to award future compensation is the general idea that the "jury heard ample evidence regarding lump sums from both parties' experts."  Resp. at 3; *id*. at 3–5.  That the jury was informed by the parties' experts what a lump sum structure is generally does not mean that the jury was "fully educated on the ability to apply a lump sum to fully compensate SVV."  *Id*. at 5.  It is especially disingenuous for ASUS to suggest that jury was "fully educated on the ability to apply a lump sum" when neither expert proposed a *method* to calculate a lump sum through the expiration of the patents and when both experts specifically told the jury not to do so.  Mot. at 2–3.

Finally, ASUS is wrong to contend that the implied royalty rate presented by SVV in its Motion is nothing more than "speculation."  Resp. at 5–6.  The units at issue were not in dispute, both experts presented a per-unit amount running only through trial, and the amount of the jury award is known.  It is simple math to calculate the implied rate, and there is no requirement that the jury has to select the royalty rate proposed by either expert.  *Invitrogen Corp. v. Biocrest Mfg., L.P.*, No. A-01-CA-167-SS, 2006 WL 8435710, at *4 (W.D. Tex. Oct. 31, 2006) (quoting *Unisplay, S.A. v. Am. Elec. Sign Co., Inc.*, 69 F.3d 512, 517–19 (Fed. Cir. 1995)); *see also, e.g.*, *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005).

ASUS has identified no method by which the jury could have calculated a lump sum damages amount including future compensation—in contravention of both parties' experts. Indeed, in Response, ASUS did not identify a single case where a court used its discretion to determine that the jury intended to award a lump sum payment including future compensation where *both experts* exclusively presented damages opinions only covering the time period through trial. For example, in *Summit 6*, the Federal Circuit agreed that the jury intended to award a lump sum through the life of the patent because the jury handwrote in "lump sum" on the verdict form and the defendant's expert had testified that a lump sum award was proper in that case. *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1300–01 (Fed. Cir. 2015). As another example, in *Prism Technologies*, the Federal Circuit agreed that the district court did not abuse its discretion in finding that the jury's award included future compensation where "the evidence can be understood as suggesting that a hypothetical negotiation would likely have resulted in a one-time payment for a life-of-patent license" because *plaintiff's damages expert* calculated damages based on initial capital costs to construct a non-infringing alternative network that would have served the defendant for the life of the patents. *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1375–78 (Fed. Cir. 2017). But ASUS never identified a single case where a court found that the jury awarded future compensation when both experts limited their damages opinions to *past* damages, as is the case here.

II.    **THE VERDICT FORM AND JURY INSTRUCTIONS SUPPORT AN AWARD OF SUPPLEMENTAL DAMAGES AND AN ONGOING ROYALTY.**

Beyond the evidence presented by both parties, SVV set forth in its Motion why both the verdict and the final judgment could only be interpreted as awarding past damages: they are both written in the past tense. Mot. at 4–5; ECF No. 202 at 7 ("What is the amount of damages, if any, that you find SVV has proven, by a preponderance of the evidence, would compensate SVV

4

for infringement of the claim(s) that you **have found** are infringed?" (emphasis added)); ECF No. 208 at 2 ("Plaintiff SVV Technology Innovations Inc. ('SVV') is hereby awarded $22,434,055 for the infringement of the Asserted Claims **found** by the jury" (emphasis added)). ASUS presents no textual argument even attempting to explain how the tense of this question and statement can indicate future compensation. Instead, ASUS found it more persuasive to half-quote the verdict form: "On its face the jury has already answered the critical question—the amount that fully compensates SVV for 'infringement of the claim(s).'" Resp. at 1 (partial quotations in original). Plainly, ignoring the text "that you have found are infringed" cannot alchemically transmute the verdict form into an award of future compensation involving quantities of future products of which the jury was not made aware. ASUS identified no case where a court found that the jury intended to award future compensation despite both the verdict form and the agreed-as-to-form final judgment using past tense. *See* Ex. A at 5 (10/14/24 Email from A. Haley to Court attaching agreed proposed final judgment, including attachment, indicating agreed language as to damages in past tense).

### A. SVV Did Not Create Ambiguity On The Verdict Form; SVV Prevented ASUS From Confusing The Jury.

Beyond stating the language of the verdict and concluding it must be awarding future infringement with no analysis (Resp. at 3), ASUS claims that "any ambiguity in the question presented to the jury should cut against SVV and the burden it bears." Resp. at 6. While the verdict form is not ambiguous, ASUS cites no authority for the novel legal proposition that verdict forms should be construed against the winner. Further, ASUS claims that it is SVV's fault for "creat[ing] any ambiguity here." *Id*. This is incorrect.

Originally, Mr. Ferioli's report contained the damages opinion that he presented at trial—that damages should be in the form of a lump sum through trial, which is not a recognized

category of damages, but certainly does not include future compensation in light of the calculation unequivocally being "through trial."[2]  At no point did Mr. Ferioli offer any opinion as to damages for the time period after a jury verdict.  Nonetheless, ASUS indicated that it planned to attempt to present Mr. Ferioli's opinions in a misleading way—*i.e.*, that he opined as to a *true* lump sum through the life of the patents—when ASUS submitted its proposed verdict form with a check box for a "running royalty for past damages only" versus a "lump sum for all damages," and its proposed final jury instructions that sought an instruction to the jury that they could award a lump sum payment "that covers any and all sales of licensed products."  ECF No. 143-8 at 10; ECF No. 143-11 at 93.  At the time, SVV objected to the entire lump sum instruction "because there is no damages opinion advocating for a lump sum royalty in this case" from either expert.  ECF No. 143-11 at 93 n.85.

ASUS followed through on its plan to attempt to pretend Mr. Ferioli had an opinion as to future damages when it exchanged slides for use with his testimony on September 24, 2024.  Ex. B at 13 (PDX4-11), 22 (PDX4-20), 33 (PDX4-31) (9/24/24 Email from C. Schmidt to counsel, including Ferioli demonstratives as attached).  SVV objected to these slides using the phrase "lump sum" because Mr. Ferioli had not offered a lump sum opinion in his report that accounted for the time period after trial.  Ex. C at 4 (9/24/24 Email from B. Blomquist to counsel at 8:30 PM, omitted from ECF No. 230-2).  Counsel for ASUS offered to edit the slides so that the text would reflect "lump sum through trial" rather than just "lump sum"—which accurately reflected

---

[2] ECF No. 68-1 at 63 ("Accordingly, I have calculated damages **up to the date of trial** as a lump-sum payment for use of the patented technology." (emphasis added)); *id*. ¶ 156 ("I have quantified damages due to SVV for alleged infringement by ASUSTeK between January 30, 2018 and January 12, 2024 as a lump-sum of $325,000 for usage of the Patents-in-Suit. These figures are based on conservative consideration of the benefits provided by the patented technology **and compensate SVV for infringement through the expected date of the trial**." (emphasis added)).

the time period for which Mr. Ferioli offered a damages opinion in his report. *Id*. at 2 (9/24/24 Email from M. Siegmund to counsel at 9:19 PM). Counsel for SVV did not accept this offer. Rather, counsel for SVV indicated that it would *only* accept the offer if ASUS *also* withdrew its improper attempt to have the jury award a true lump sum via its verdict check box and baseless lump sum jury instruction. *Id*. at 2 (9/24/24 Email from D. Pearson to counsel at 9:21 PM). The changes were necessary to the verdict form and jury instructions precisely because there was no evidentiary basis presented by either expert for the jury to award compensation for future infringement. ASUS agreed to the change to resolve SVV's objection, and the dispute was not presented to the Court. *Id*. at 1 (9/24/24 Email from M. Siegmund to counsel at 10:34 PM, omitted from ECF No. 230-2). The next morning, ASUS circulated revised demonstratives for Mr. Ferioli that accurately qualified the original "lump sum" text, and these demonstratives were presented to the jury. Ex. D at 1 (9/25/24 Email from M. Siegmund to counsel at 8:38 AM, including attachments); Ex. D at 15 (PDX4-11), 23 (PDX4-19), 33 (PDX4-29); *see also, e.g.*, Trial Tr. at 760:7–12 (using PDX4-29 of Ex. D with jury, stating "lump sum through trial"). Notably, the final version of Mr. Ferioli's PDX4-11 that was used with the jury demonstrates visually that his opinion was that damages should be structured *differently* and temporally limited ("lump sum through trial") from the licenses that ASUS *now* contend require a finding that the jury awarded a lump sum:

7



Ex. D at 15 (PDX4-11) (highlighting added).  Accordingly, there is no ambiguity.  ASUS agreed to remove any reference to a lump sum including future compensation in the verdict form or jury instructions because no expert offered an opinion on a lump sum through the life of patents and there was no evidentiary basis for the jury to award a lump sum.  It was methodologically impossible.  That ASUS attempts to leverage this agreement in such a way to avoid paying for its ongoing willful infringement is another fact counseling for the enhancement of damages.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff SVV Technology Innovations Inc. respectfully requests that its Motion for Supplemental Damages and Ongoing Royalties be granted in full.

DATED: December 10, 2024

Respectfully submitted,

*/s/ Warrren J. McCarty, III*
Warren J. McCarty, III

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone:    (214) 888-4848
Facsimile:    (214) 888-4849

Robert D. Katz
Texas Bar No. 24057936
Email: rkatz@katzfirm.com
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, Texas 75206
Telephone    (214) 865-8000
Facsimile:    (888) 231-5775

**ATTORNEYS FOR PLAINTIFF
SVV TECHNOLOGY INNOVATIONS
INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/ Warren J. McCarty, III
Warren J. McCarty, III